Randal NICHOLS, Petitioner
and Appellant,

v.

Richard J. BACKES, Director, North Dakota Department of Transportation, Respondent and Appellee.

Civ. No. 900168.

Supreme Court of North Dakota.

Oct. 2, 1990.

Schoppert Law Firm, Minot, for petitioner and appellant, argued by Thomas K. Schoppert, Minot.

Gregory B. Gullickson (argued), Asst. Atty. Gen., Attorney General's Office, Bismarck, for respondent and appellee. Appearance by Elaine Ayers, Bismarck.

LEVINE, Justice.

Randal Nichols appeals from a district court judgment affirming an administrative suspension of his driver's license. We affirm.

Officer Kirchoffner stopped Nichols because the left taillight on Nichols' vehicle was not working. Kirchoffner detected the odor of alcohol on Nichols' breath and observed that Nichols' eyes were "a slight bloodshot red." Nichols stated that he had been drinking. Kirchoffner administered an Alco–Sensor test, which Nichols failed. Kirchoffner then arrested Nichols for DUI in violation of § 39–08–01, N.D.C.C., and administered an Intoxilyzer breath test, which indicated that Nichols' blood alcohol content was .13%.

After an administrative hearing requested by Nichols, the hearing officer conclud-

ed, among other things,[1] that Kirchoffner had reasonable grounds to believe that Nichols had been operating a motor vehicle while under the influence of intoxicating liquor, in violation of § 39–08–01, N.D.C.C., and suspended Nichols' driver's license for 91 days. Nichols appealed to the district court, which affirmed the administrative decision. Nichols appealed to this court, contending that the hearing officer improperly considered the results of the Alco–Sensor screening test and that, without the results of the Alco–Sensor test, "[t]here was an insufficient basis to determine that Nichols had been driving under the influence."

■ An Alco–Sensor is a device for providing "an onsite screening test ... of the person's breath for the purpose of estimating the alcohol content of the person's blood." Section 39–20–14, N.D.C.C. The sole purpose of an onsite screening test is to assist a law enforcement officer in deciding whether there are reasonable grounds to arrest an individual for driving under the influence of intoxicating liquor. *State v. Schimmel*, 409 N.W.2d 335 (N.D.1987); *Asbridge v. North Dakota State Highway Comm'r*, 291 N.W.2d 739 (N.D.1980).

Under § 39–20–14, N.D.C.C., a screening test "must be performed by an enforcement officer certified as a chemical test operator by the state toxicologist and according to methods and with devices approved by the state toxicologist." The state toxicologist's "Approved Method For Operating Alco–Sensor" lists eight steps to be taken in administering an Alco–Sensor test and contains the following sentence at the bottom of the page: "A test administered according to the operating procedure on the back side of the ALCO–SENSOR device shall be deemed to be in accordance with the approved method." Officer Kirchoffner's testimony established that he followed the approved method prescribed

by the state toxicologist. Nichols nonetheless contends that the results of the Alco–Sensor should not have been considered because the operating procedure on the back of the Alco–Sensor device was not introduced at the hearing.

■ It is clear to us that, if different from the approved method prescribed by the state toxicologist, "[a] test administered according to the operating procedure on the back side of the ALCO–SENSOR device" is merely an additional approved method that warrants consideration of Alco–Sensor test results. Thus, the "operating procedure on the back side of the ALCO–SENSOR device" is irrelevant in a case in which a law enforcement officer's testimony shows that in administering an Alco–Sensor test, he followed the approved method prescribed by the state toxicologist. Kirchoffner is certified as a chemical test operator by the state toxicologist. The Alco–Sensor is a device approved by the state toxicologist. The state toxicologist has approved a method of administering an Alco–Sensor test. Kirchoffner's testimony established that he performed the Alco–Sensor test according to a method approved by the state toxicologist. We conclude, therefore, that the hearing officer did not err in considering the results of the Alco–Sensor test in determining whether or not Kirchoffner had reasonable grounds to believe that Nichols had been driving a vehicle in violation of § 39–08–01, N.D.C.C.

■ Nichols argues that "[w]ithout the Alco–Sensor test, all the officer could assume was that Nichols had been drinking" and that "[t]here was an insufficient basis to determine that Nichols had been driving under the influence." We have already determined that the administrative hearing officer did not err in considering the results of Nichols' Alco–Sensor test. Nichols had an odor of alcohol on his breath, he had bloodshot eyes, he stated that he had been

1. Section 39–20–05(2), N.D.C.C., provides in part:

"The hearing must be recorded and its scope may cover only the issues of whether the arresting officer had reasonable grounds to believe the person had been driving or was in actual physical control of a vehicle in violation of section 39–08–01 or equivalent ordinance; whether the person was placed under arrest; whether the person was tested in accordance with section 39–20–01 or 39–20–03 and, if applicable, section 39–20–02; and whether the test results show the person had a blood alcohol concentration of at least ten one-hundredths of one percent by weight."

drinking, and he registered a "fail" on an Alco–Sensor test performed in accordance with the state toxicologist's approved method. Those facts were "sufficient to warrant a person of reasonable caution in believing that an offense has been or is being committed." *Wolf v. North Dakota Highway Comm'r*, 458 N.W.2d 327, 329 (N.D. 1990). Thus, Kirchoffner had reasonable grounds to believe that Nichols had been driving a vehicle in violation of § 39–08–01, N.D.C.C.

The judgment is affirmed.

ERICKSTAD, C.J., and MESCHKE, GIERKE and VANDE WALLE, JJ., concur.