**CITY OF FARGO, Plaintiff and Appellant,**

v.

**Michael Gregory RUETHER, Defendant and Appellee.**

**Cr. No. 920079.**

Supreme Court of North Dakota.

Oct. 1, 1992.

---

Thomas J. Gaughan (argued), City Atty., Fargo, for plaintiff and appellant.

Peter Eric Karlsson (argued), Moorhead, for defendant and appellee.

MESCHKE, Justice.

The City of Fargo appeals from an order suppressing evidence of the results of a roadside alcohol-screening test. We affirm.

In the early morning hours of December 2, 1991, a vehicle driven by Michael Ruether was involved in a collision with a Fargo police car. After Ruether failed two of five field sobriety tests, he was given an A.L.E.R.T. alcohol-screening test.

A.L.E.R.T. is an acronym for Alcohol Level Evaluation Roadside Tester. It is a portable and electronic device for estimating the volume of alcohol in the blood by measuring the quality of the person's breath. The device has been approved by the State Toxicologist for assisting law enforcement officers to determine if probable cause exists to arrest for driving while intoxicated. *See State v. Schimmel,* 409 N.W.2d 335, 337 n. 1 (N.D.1987); NDCC 39-20-14. Ruether registered a "fail" on the A.L.E.R.T. test, indicating a blood alcohol level of greater than .10 percent.

Ruether was arrested for driving while intoxicated and taken to a hospital for a blood test. The blood test showed a blood alcohol level of .08 percent. Ruether made a pre-trial motion to suppress the results of the A.L.E.R.T. test. The court, relying upon NDCC 39-20-14, suppressed the test results. The City appealed.

NDCC 39-20-14 governs the administration and use of roadside alcohol-screening tests:

> Any person who operates a motor vehicle upon the public highways of this state is deemed to have given consent to submit to an on-site screening test or tests of the person's breath for the purpose of estimating the alcohol content of the person's blood upon the request of a law enforcement officer who has reason to believe that the person committed a moving traffic violation or was involved in a traffic accident as a driver, and in conjunction with the violation or the accident

the officer has, through the officer's observations, formulated an opinion that the person's body contains alcohol.... The screening test or tests must be performed by an enforcement officer certified as a chemical test operator by the state toxicologist and according to methods and with devices approved by the state toxicologist. The results of such screening test must be used only for determining whether or not a further test shall be given under the provisions of section 39-20-01.... For the purposes of this section, "chemical test operator" means a person certified by the state toxicologist as qualified to perform analysis for alcohol in a person's blood, breath, saliva, or urine.

The statute says that the *only* permissible evidentiary use of the A.L.E.R.T. test is to aid in determining probable cause for an arrest, preliminary to further testing. *Nichols v. Backes,* 461 N.W.2d 113, 114 (N.D.1990); *Schimmel,* 409 N.W.2d at 339. If probable cause to arrest is not disputed at trial, the result of the A.L.E.R.T. test is inadmissible. *Id.*

Here, Ruether conceded that the arresting officer had probable cause to arrest him for driving while intoxicated. Consequently, under NDCC 39-20-14, the result of the A.L.E.R.T. test was clearly inadmissible at trial.

The City asserts, however, that NDCC 39-20-14 is an unconstitutional intrusion of the Legislature into the traditional domain of the judiciary to determine admissibility of evidence. Ruether counters, principally, that the City did not show that the device is scientifically reliable enough to be generally admissible as evidence. In *Schimmel,* 409 N.W.2d at 339 n. 2, we specifically left open the question whether the Legislature has improperly invaded the judicial domain of determining admissibility of evidence.

■ This court is constitutionally authorized to promulgate rules of procedure to be followed by all courts of this state. N.D. Const. Art. VI, § 3. This authority includes the promulgation of rules for the receipt and admission of evidence. *See Production Credit Association of Man-*

*dan v. Olson,* 280 N.W.2d 920, 927 (N.D. 1979); *Arneson v. Olson,* 270 N.W.2d 125, 131 (N.D.1978). In NDCC 27-02-08 and 27-02-09, the Legislature has codified the superior power of the supreme court in promulgating rules.

■ We have tried to explain the interplay between statutory procedures and rules promulgated by this court. In *State v. Vetsch,* 368 N.W.2d 547, 552 (N.D.1985), we quoted from *State v. Seidel,* 142 Ariz. 587, 591, 691 P.2d 678, 682 (1984):

That we possess the rule-making power does not imply that we will never recognize a statutory rule. We will recognize "statutory arrangements which seem reasonable and workable" and which supplement the rules we have promulgated.... However, when a conflict arises, or a statutory rule tends to engulf a general rule of admissibility, we must draw the line. The legislature cannot repeal the Rules of Evidence or the Rules of Civil Procedure made pursuant to the power provided us in [the Constitution].

[Citations omitted]. We recently elaborated on this interplay:

This constitutional provision places "final authority over procedural rules" with our court. *Matter of Estate of Bieber,* 256 N.W.2d 879, 881 n. 1 (N.D.1977). Although statutorily-enacted rules of procedure which supplement the rules we have promulgated may remain in effect until superseded or amended by this court ..., Article VI, Section 3, mandates that a court-promulgated procedural rule prevails in a conflict with a legislatively-enacted rule of procedure.

*City of Fargo v. Dawson,* 466 N.W.2d 584, 586 n. 1 (N.D.1991) [citations omitted]. Unless there is a conflict, a statutory rule supplements our rules of evidence.

The evidence rules promulgated by this court specifically recognize the Legislature's power to affect admissibility of evidence. *See Vetsch,* 368 N.W.2d at 551. For example, NDRCrimP 26 says that "[a]ll evidence shall be admitted which is admissible under the statutes of this State, under the North Dakota Rules of Evidence,

or other Rules adopted by the North Dakota Supreme Court." Thus, the Legislature's authority to enact statutes affecting admissibility of evidence is recognized, subject to the restriction that our rules must prevail whenever there is a conflict.

We give special deference to the Legislature when a statute governing admissibility of evidence is part of a legislative design that essentially authorizes and creates the item of disputed evidence. Without the potential penalty of losing an operator's license for refusing the screening test, it may be doubtful whether a police officer would have the power to compel a driver to submit to a roadside screening test for alcohol. *Cf. State v. Fasching,* 453 N.W.2d 761 (N.D.1990). This implied-consent feature of NDCC 39–20–14 generates the evidence disputed here and makes it admissible for only a limited purpose. Under these circumstances, we will give great latitude to the Legislature in framing the boundaries for admissibility of the evidence generated by the legislative design.

The City argues, however, that NDCC 39–20–14 conflicts with NDREv 401 and 402 because those rules make all relevant evidence admissible. The City urges that the result of the A.L.E.R.T. test is relevant evidence of Ruether's intoxication at the time of driving, and is therefore admissible under the rules of evidence.

The City's argument ignores the explicit language of NDREv 402: "All relevant evidence is admissible, except as otherwise provided by ... statutes of North Dakota...." The rule specifically says that even relevant evidence may be made inadmissible by the Legislature. We conclude that there is no conflict between the statute and the rules of evidence.

The remaining questions are without merit. The order of the trial court is affirmed.

ERICKSTAD, C.J., and VANDE WALLE, LEVINE and JOHNSON, JJ., concur.