STATE of North Dakota, Plaintiff
and Appellant,

v.

Dale Clayton HANSON, Defendant
and Appellee.

Criminal No. 960103.

Supreme Court of North Dakota.

Dec. 20, 1996.

Ladd Ronald Erickson (argued), Assistant State's Attorney, Mandan, for plaintiff and appellant.

Thomas M. Tuntland (argued), Mandan, for defendant and appellee.

Robert P. Bennett (appearance), Assistant Attorney General, Attorney General's Office, Bismarck, amicus curiae.

NEUMANN, Justice.

The State has appealed a district court order declaring § 29–01–32, N.D.C.C., unconstitutional and limiting discovery in its criminal prosecution of Dale Clayton Hanson. We affirm.

Hanson was charged with driving while under the influence of intoxicating liquor. Hanson's attorney requested discovery of 1) documents, tangible objects, and reports of examinations and tests, under Rule 16(a)(1)(C) and (D), N.D.R.Crim.P.; and 2) the names of prosecution witnesses and statements made by them, under Rule 16(f)(1), N.D.R.Crim.P. Upon compliance with Hanson's discovery request, the State requested discovery of the names and addresses of persons Hanson intended to call as witnesses, their statements or reports, the results of examinations, tests, experiments, or comparisons, and any real evidence he intended to offer at trial under Rule 16, N.D.R.Crim.P., and § 29–01–32, N.D.C.C.

Hanson moved for an order limiting his duty to disclose information to that required by Rule 16, N.D.R.Crim.P., and declaring that he had no duty to disclose information sought by the State under § 29–01–32, N.D.C.C. The trial court ruled that § 29–01–32, N.D.C.C., is unconstitutional under the separation of powers doctrine [1] and under

---

1. "[T]he creation of the three branches of government by our constitution operates as an apportionment of the different classes of power whereby there is an implied exclusion of each branch from the exercise of the functions of the

Art. VI, § 3, N.D. Const. The court's order required Hanson to "supply the materials requested by the State pursuant to the provisions of Rule 16." The order provided that Hanson "need not supply the materials requested under the provisions of § 29–01–32, N.D.C.C. unless those materials are otherwise discoverable under the provisions of Rule 16 or some other rule." The State appealed.

▪ Ordinarily, there is no right of appeal unless provided by statute. *City of Bismarck v. Materi*, 177 N.W.2d 530, 535 (N.D.1970). No statute authorizes the State's appeal in this case. Under Art. VI, § 4, N.D. Const., "only upon agreement of four of the five judges of our State Supreme Court may a statute enacted by our legislature be struck down as unconstitutional." *Materi*, 177 N.W.2d at 537. Permitting one district judge to have the final say on the constitutionality of a statute would "offend the spirit of that section of our Constitution." *Id.* Thus, a district court decision holding a statute unconstitutional is appealable. *Id.*

▪ In § 29–01–32(1), N.D.C.C., the legislature has provided that a defendant in a criminal proceeding who successfully requests information from the prosecuting attorney must reciprocate by providing information to the prosecutor:

"Upon the prosecuting attorney's compliance with a written request of the defendant for disclosure under subparagraph C or D of paragraph 1 of subdivision a of rule 16 or subdivision f of rule 16 of the North Dakota Rules of Criminal Procedure, the defendant, upon written request by the prosecuting attorney, shall reciprocate in kind and disclose to the prosecuting attorney:

"a. The names and addresses of persons, other than the defendant, the defendant's attorney intends to call as witnesses at trial, together with any relevant written or recorded statements of those persons or reports of the statements of those persons, including any reports or statements of experts made in connection with the case, and including the results of physical or mental examinations, scientific tests, experiments, or comparisons that the defendant intends to offer in evidence at the trial.

"b. Any real evidence that the defendant intend to offer in evidence at the trial."

Sanctions for violating the statute are provided in § 29–01–32(2) and § 29–01–32(3), N.D.C.C.[2]

Rule 16(a)(1)(C) and (D), N.D.R.Crim.P., deal with prosecution disclosure of documents, tangible objects, physical or mental examinations, and results or reports of scientific tests or experiments. Upon the prosecution's compliance with a defense request under Rule 16(a)(1)(C) or (D), Rule 16(b), N.D.R.Crim.P., imposes a narrower disclosure duty upon defendants than does § 29–01–32, N.D.C.C.:

"(b) Disclosure of Evidence by the Defendant.

"(1) Information Subject to Disclosure.

"(A) Documents and Tangible Objects. If the defendant, in writing, requests disclosure under subdivision (a)(1)(C) or (D), upon compliance with the request by the prosecution, the defendant, upon written request of the prosecution, shall permit the prosecution to inspect and copy or photograph books, papers, documents, photographs,

others." *State ex rel. Spaeth v. Meiers*, 403 N.W.2d 392, 394 (N.D.1987).

**2.** Language similar to that contained in § 29–01–32(1), N.D.C.C., was proposed to the Joint Procedure Committee but not proposed by that Committee to our court as part of the Amendment to Rule 16. Because the judicial branch has a mechanism whereby proposed rules, amendment to or repeal of existing rules, may be presented directly to this court, and may be referred to a standing committee for recommendation, *see* the

North Dakota Rule on Procedural Rules (NDRPR), we do not agree this court specifically rejected the proposal, although we were aware the Joint Procedure Committee had not recommended the language to us. However, for purposes of this opinion, it makes no difference whether or not we specifically rejected the proposal. If the statute conflicts with our rule, the rule prevails. *City of Fargo v. Dawson*, 466 N.W.2d 584, 586 n. 4 (N.D.1991).

tangible objects, or copies or portions thereof, which the defendant intends to produce in chief at the trial and which are within its possession, custody, or control.

"(B) Reports of Examinations and Tests. If the defendant, in writing, requests disclosure under subdivision (a)(1)(C) or (D) upon compliance with the request by the prosecution, the defendant, on written request of the prosecution, shall permit the prosecution to inspect and copy or photograph any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with the particular case, or copies thereof, within the possession or control of the defendant, which the defendant intends to introduce as evidence in chief at the trial or which were prepared by a witness whom the defendant intends to call at the trial when the results or reports relate to the witness' testimony.

*"(2) Information Not Subject to Disclosure.* Except as to scientific or medical reports, this subdivision does not authorize the discovery or inspection of reports, memoranda, or other internal defense documents made by the defendant or the defendant's attorneys or agents in connection with the investigation or defense of the case, or of statements made by the defendant, or by prospective prosecution or defense witnesses to the defendant or to the defendant's agents or attorneys."

Rule 16(f), N.D.R.Crim.P., requires the prosecution, upon written request, to disclose the names, addresses, and statements of prosecution witnesses the prosecutor intends to call in presenting the case in chief, statements of codefendants, and statements of other persons. Rule 16, N.D.R.Crim.P., has no similar disclosure requirements for defense witnesses.[3]

The State contends that the requirement in § 29–01–32, N.D.C.C., of disclosure of the names and addresses of persons the defendant intends to call as witnesses at trial "does not conflict with Rule 16 and is constitutional," because "Rule 16, N.D.R.Crim.P., does not deal with names and addresses of persons other than the defendant, whom the defendant's attorney intends to call as witnesses at trial." The State concedes that the requirement in § 29–01–32, N.D.C.C., for pretrial disclosure of statements or reports of statements by defense witnesses conflicts with Rule 16, N.D.R.Crim.P., and "[s]ince Article VI, Section 3, of the North Dakota Constitution grants the Supreme Court rule superiority, this provision of the statute is not enforceable on a defendant." The State contends that the other pretrial disclosure requirements of § 29–01–32, N.D.C.C., are consistent with similar provisions of Rule 16, N.D.R.Crim.P., and are, therefore, valid.[4] We conclude that § 29–01–32, N.D.C.C., conflicts with Rule 16, N.D.R.Crim.P., and is invalid in its entirety.

Article VI, § 3, N.D. Const., provides in part:

"The supreme court shall have authority to promulgate rules of procedure, including appellate procedure, to be followed by all the courts of this state; and, unless otherwise provided by law, to promulgate rules and regulations for the admission to practice, conduct, disciplining, and disbarment of attorneys of law."

In support of its arguments, the State has drawn our attention to a large number of evidentiary and procedural statutes. Applying Art. VI, § 3, N.D. Const., we have invalidated some statutory evidentiary and procedural rules, *e.g., Arneson v. Olson,* 270 N.W.2d 125, 131–32 (N.D.1978), and we have upheld others, *e.g., City of Fargo v. Ruether,* 490 N.W.2d 481, 483–84 (N.D.1992). We have recognized that there is an "interplay between statutory procedures and rules promulgated by this court." *Ruether,* 490 N.W.2d at 483.

---

**3.** We note, however, that a defendant intending to offer evidence of an alibi defense, is required by Rule 12.1, N.D.R.Crim.P., to provide pretrial disclosure of "the names and addresses of the witnesses upon whom the defendant intends to rely to establish the alibi."

**4.** The North Dakota Attorney General, *amicus curiae,* has presented contentions similar to those of the State.

The interplay between statutes and our rules is especially evident in the area of the admissibility of evidence. Our rules of procedure allow for a legislative power to make evidence admissible. *Ruether*, 490 N.W.2d at 483–84; *State v. Vetsch*, 368 N.W.2d 547, 551 (N.D.1985). Rule 43(a), N.D.R.Civ.P., and Rule 26, N.D.R.Crim.P., provide that "[a]ll evidence shall be admitted which is admissible under the statutes of this State," or under rules adopted by this court. The Explanatory Note to Rule 43, N.D.R.Civ.P., says that the North Dakota Rules of Evidence, promulgated by this court, "generally control the admissibility of evidence in all civil trials, unless otherwise provided by statute or rule." The Explanatory Note to Rule 26, N.D.R.Crim.P., says that the North Dakota Rules of Evidence "generally control the admissibility of evidence in criminal trials." Both notes say that matters of competency and witness privileges are governed by our evidence rules, "unless otherwise provided by statute." Rule 402, N.D.R.Ev., provides in part: "All relevant evidence is admissible, except as otherwise provided . . . by statutes of North Dakota." Thus, we have provided in our rules that "even relevant evidence may be made inadmissible by the Legislature." *Ruether*, 490 N.W.2d at 484. Our rules have, then, countenanced a legislative power to make evidence admissible or inadmissible. "We give special deference to the Legislature when a statute governing admissibility of evidence is part of a legislative design that essentially authorizes and creates the item of disputed evidence." *Ruether*, 490 N.W.2d at 484.

Article XI, § 26, North Dakota Constitution, states in part that "[t]he legislative, executive, and judicial branches are co-equal branches of government." This provision, approved June 8, 1982, appears to formalize a separation of powers, with each branch supreme in its own sphere. Long before this constitutional provision was adopted, this court recognized that the creation of the three branches of government by our constitution operates as an apportionment of the different classes of power whereby there is an implied exclusion of each branch from the exercise of the functions of the others. *See, e.g., Glaspell v. City of Jamestown*, 11 N.D. 86, 88 N.W. 1023 (1902) (holding statute unconstitutional because it vested legislative power in the courts).

Article VI, § 3, provides in part that "[t]he supreme court shall have authority to promulgate rules of procedure . . . to be followed by all the courts of this state. . . ." There can be no doubt, therefore, that enactment of procedural rules, such as Rule 16, N.D.R.Crim.P., is an exclusive function of this Court. Compare the following clause of that section: "and *unless otherwise provided by law,* to promulgate rules and regulations for the admission to practice, conduct, disciplining, and disbarment of attorneys at law." (Emphasis supplied). Compare also Article VI, § 6: "[a]ppeals shall be allowed from decisions of lower courts to the supreme court *as may be provided by law.*" (Emphasis supplied). *See McAvoy v. H.B. Sherman Co.*, 401 Mich. 419, 258 N.W.2d 414, 425 (1977) ("[t]he phrase 'as provided by law' clearly vests the Legislature with the authority to exert substantial control over the mechanics of how administrative decisions are to be appealed."). *See also State ex rel. Agnew v. Schneider*, 253 N.W.2d 184, 187 (N.D.1977) (noting where phrase "as provided by law" and phrases of similar meaning are found in the "new" judicial Article of the Constitution). Similar language is not included in that portion of Article VI, § 3, giving the Supreme Court authority to promulgate rules of procedure for the courts of this state.

In *State ex rel. Spaeth v. Meiers*, 403 N.W.2d 392, 394 (N.D.1987), Justice Levine, writing for the Court, stated that "[i]n recognition of these abiding principles, [of implied exclusion of each branch from the exercise of the functions of the others] the judiciary exercises great restraint when requested to intervene in matters entrusted to the other branches of government." In *Spaeth* we declined, at the request of the Speaker of the House of Representatives, to order the President of the Senate to accept a bill from the House which the President refused to accept because the House had not passed the bill by a two-thirds majority vote.

In *State ex rel. Olson v. Bakken,* 329 N.W.2d 575 (N.D.1983), in affirming a district judge's decision to order a special limited election for those voters whose ballots were not counted due to erroneous placement of ballot labels on a punch ballot card intended for another precinct, we observed that the new election only incidentally involved legislative candidates but that the Legislature would determine the election results for its own members.

In *Timm v. Schoenwald,* 400 N.W.2d 260, 263 (N.D.1987), we recognized that permitting a contest for the legislative assembly to be heard in either the district court or the Legislature could lead to a different result by each body and such a "scenario is inconsistent with our principal of separate branches of government and sets up a possible confrontation between the legislative and judicial branches of government. We do not believe the Legislature intended that result, nor do we believe it is consistent with the language of Chapter 16.1–16, N.D.C.C." Subsequently, the Legislature amended § 16.1–16–10 to provide that legislative contests must be determined in court and that no legislative election contest may be contested before either house of the legislative assembly. That same legislation repealed § 16.1–16–11 through 16.1–16–17, concerning legislative contests of elections. 1987 N.D. Laws Ch. 259, § 6 and 15. This legislation does not violate separation of powers principles as Article IV, § 12 of the North Dakota Constitution specifies "election contests are subject to judicial review as provided by law." *See District One Republican Comm. v. District One Democrat Comm.,* 466 N.W.2d 820 (N.D. 1991) (recognizing legislative amendments).

Many of the cases involving separation of powers involve the legislative branch attempting to vest legislative powers in the judicial branch, *e.g., City of Carrington v. Foster County,* 166 N.W.2d 377 (N.D.1969) (recognizing that as all branches derive their authority from the same constitution, there is an exclusion of each branch from the exercise of the functions of the others; therefore statutes giving courts authority to rule on merits of municipal annexation petitions are unconstitutional because organization of municipal corporations is a legislative matter). Like *Glaspell,* however, this case involves an intrusion by the legislative branch into judicial branch functions.

Thus the recognition of the separate-but-equal concept embedded in the Constitution imposes a concomitant responsibility for each branch of government to, in Justice Levine's words, "exercise[ ] great restraint when requested to intervene in matters entrusted to the other branches of government." *Spaeth,* 403 N.W.2d at 394. When, as here, the legislative branch fails to exercise restraint and intervenes in a matter entrusted by the Constitution exclusively to the judicial branch, we have an obligation under the Constitution to say so.

Section 29–01–32, N.D.C.C., requires a defendant who has successfully requested information from the prosecuting attorney to reciprocate by disclosing to the prosecutor the names and addresses of persons the defendant intends to call as witnesses at trial and any statements or reports of statements of such persons. Rule 16, N.D.R.Crim.P., does not. The statute directly conflicts with Rule 16, which requires only limited pretrial disclosure of information, while allowing additional disclosure by order or agreement.[5] Under Art. VI, § 3, N.D. Const., a procedural rule adopted by this court must prevail in a conflict with a statutory procedural rule. Section 29–01–32, N.D.C.C., is, therefore, invalid to the extent that it requires pretrial disclosure by a defendant of the names and addresses of persons the defendant intends to call as witnesses at trial and any statements or reports of statements of such persons.

The defense witness disclosure provisions of § 29–01–32, N.D.C.C., form the centerpiece of the statute. We conclude that the legislature would not have enacted § 29–01–32, N.D.C.C., without those provisions. We, therefore, declare all of § 29–01–32,

---

5. Rule 16, N.D.R.Crim.P., is not intended to limit a trial court's "discretion to order broader discovery in appropriate cases," or to prevent the parties from voluntarily disclosing additional matters. Explanatory Note, Rule 16, N.D.R.Crim.P.

N.D.C.C., unconstitutional. *See Arneson v. Olson*, 270 N.W.2d 125, 138 (N.D.1978).

Affirmed.

VANDE WALLE, C.J., and MARING, MESCHKE and SANDSTROM, JJ., concur.