Filed 7/29/99 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

1999 ND 145

City of Fargo, Plaintiff and Appellee

v.

Timothy C. Erickson, Defendant and Appellant

No. 980376

Appeal from the District Court of Cass County, East Central Judicial District, the Honorable Lawrence A. Leclerc, Judge.

AFFIRMED.

Opinion of the Court by Kapsner, Justice.

Timothy M. O'Keeffe, City Prosecutor, 1129-5th Avenue South, P.O. Box 1897, Fargo, ND 58107-1897, for plaintiff and appellee.

Robert J. Woods, Woods Legal Services, P.O. Box 178, Forest River, ND 58233, for defendant and appellant.

City of Fargo v. Erickson

No. 980376

Kapsner, Justice.

[¶1] Timothy Curtis Erickson appeals from a trial court judgment of conviction finding him guilty of driving under the influence of alcohol.  Erickson asserts the trial court erred in admitting evidence that he consented to take a roadside alcohol- screening test.  We conclude the trial court erred in admitting the evidence, but the error does not require reversal of Erickson’s conviction.  We therefore affirm.  

I.

[¶2] On May 7, 1998, Erickson was arrested by a Fargo police officer for driving under the influence of alcohol.  Before arresting Erickson, the officer administered numerous field-sobriety tests and an Alcohol Level Evaluation Roadside Tester (A.L.E.R.T.) screening test.  Erickson was taken to the hospital for a blood test within one hour after he was stopped.  The blood test showed a blood-alcohol level of .19 percent. 

[¶3] Erickson filed a pretrial motion to suppress “all evidence of the administration of the preliminary breath test or ALERT test . . . u[nd]er 
State v. Schimmel
, 409 N.W.2d 335 (N.D. 1987).”  During the motion hearing, the trial court questioned Erickson’s attorney about his motion to suppress the result of the A.L.E.R.T. test:  

THE COURT: That evidence of the administration of a preliminary breath test.  What’s that all about?

MR. WOODS: Your Honor, --

THE COURT: That doesn’t come in anyway, does it?  Did he take a blood test?

MR. WOODS: Yeah, there’s a blood test.

MS. AASLAND: And as you know we never bring the ALERT up.

THE COURT: Well, then that’s not coming in anyway.

MR. WOODS: I’m just covering my bases, Your Honor.  

THE COURT: Okay.  All right.  I hear you.  

Following the hearing, the trial court issued a written order denying Erickson’s motion to suppress.

[¶4] Despite the city attorney’s statement during the motion hearing that the City would “never bring the ALERT up,” the following exchange occurred during the City’s direct examination of the arresting officer:

ATTORNEY O’KEEFFE: Okay.  What was the defendant’s response to your question whether or not he had been drinking the second time?

OFFICER POTTER: He said he had not been drinking anything.

ATTORNEY O’KEEFFE: Okay.  What did you do then?

OFFICER POTTER: I asked him if he would consent to a breath test.

ATTORNEY O’KEEFFE: Okay.  And what — what happened?

OFFICER POTTER: He consented to take one.

ATTORNEY WOODS: Well, Your Honor, I’m going to object to this.  I brought this up earlier, too, and you said there would be big trouble - - 

ATTORNEY O’KEEFFE: Strike that question.

ATTORNEY WOODS: Too late.

THE COURT: What?  Do you have an objection?

ATTORNEY WOODS: Yes.

THE COURT: State it.

ATTORNEY WOODS: What he’s about to testify is inadmissible in the case law and your ruling.

THE COURT: Overruled.

ATTORNEY WOODS: Overruled?

THE COURT: Overruled.

ATTORNEY WOODS: This is 
State v. Schimmel
, Your Honor.  

THE COURT: Overruled.

ATTORNEY O’KEEFFE: Officer, let’s skip what we were just talking about.  Let’s go right to field sobriety tests.  Did you perform those? 

[¶5] During jury deliberations the jurors sent out two questions for the trial court: (1) “Does the B.A.C. test go by weight of the person on 104 form?” and (2) “Was there a breath[]alizer test administered?  If so, what w[ere] the results?”  The jury found Erickson guilty of driving under the influence.

II.

[¶6] Erickson argues the trial court erred in admitting evidence that he consented to take an A.L.E.R.T. alcohol-screening test.  He contends probable cause was not an issue at his trial, and therefore any testimony regarding the A.L.E.R.T. test was inadmissible under N.D.C.C. § 39-20-14.  The City asserts only the result of an A.L.E.R.T. test is inadmissible under the statute. 

[¶7] N.D.C.C. § 39-20-14 governs the administration of an A.L.E.R.T. screening test and provides in pertinent part as follows:

Any person who operates a motor vehicle upon the public highways of this state is deemed to have given consent to submit to an onsite screening test or tests of the person's breath for the purpose of estimating the alcohol content of the person's blood upon the request of a law enforcement officer who has reason to believe that the person committed a moving traffic violation or was involved in a traffic accident as a driver, and in conjunction with the violation or the accident the officer has, through the officer's observations, formulated an opinion that the person's body contains alcohol. . . . The screening test or tests must be performed by an enforcement officer certified as a chemical test operator by the state toxicologist and according to methods and with devices approved by the state toxicologist.  The results of such screening test must be used only for determining whether or not a further test shall be given under the provisions of section 39-20-01.  The officer shall inform the person that refusal of the person to submit to a screening test will result in a revocation for up to three years of that person's driving privileges.  

[¶8] This court discussed the provisions of N.D.C.C. § 39-20-14 in 
State v. Schimmel
, 409 N.W.2d 335 (N.D. 1987).  In 
Schimmel
, at 338, the State introduced evidence over Schimmel’s objection that he had taken and failed an A.L.E.R.T. screening test.  Schimmel contended the trial court erred in admitting the results of the A.L.E.R.T. test because probable cause was not an issue at trial.  
Id.
 at 339.  This court noted under N.D.C.C. § 39-20-14 the only permissible purpose of the screening test is to assist a law enforcement officer in deciding whether probable cause exists warranting an arrest for driving under the influence.  
Id.
  We concluded “it was error for the trial court to admit testimony regarding Schimmel’s A.L.E.R.T. screening test into evidence.”  
Id.
; 
see also
 
Nichols v. Backes
, 461 N.W.2d 113, 114 (N.D. 1990).

[¶9] Similarly, in 
City of Fargo v. Ruether
, 490 N.W.2d 481, 483 (N.D. 1992), Ruether conceded the arresting officer had probable cause to arrest him.  The City acknowledged under N.D.C.C. § 39-20-14 the result of the A.L.E.R.T. test was inadmissible at trial, but argued the statute was unconstitutional because it intruded into the judiciary’s providence of determining admissibility of evidence during trial.  
Id.
   After discussing the interplay between statutory procedures and rules of evidence promulgated by this court, we noted statutory procedures supplement our rules unless there is a conflict.  
Id.
  Because the implied-consent feature of N.D.C.C. § 39-20-14 makes the results of an A.L.E.R.T. test admissible for the limited purpose of determining probable cause to arrest, we stated we would “give great latitude to the Legislature in framing the boundaries for admissibility of the evidence generated by the legislative design.”  
Id.
 at 484.  Further, we noted despite the general rule that all relevant evidence is admissible, N.D.R.Ev. 402 explicitly states that “even relevant evidence may be made inadmissible by the Legislature.”  
Id.
  We concluded there was no conflict between N.D.C.C. § 39-20-14 and the rules of evidence.  
Id.
; 
see also
 
United States v. Iron Cloud
, 171 F.3d 587, 590 n.5 (8
th
 Cir. 1999) (citing numerous state court decisions including 
Ruether
, at 482-83, and stating “almost every state that has addressed the issue has refused to admit the results of [a preliminary screening] test for purposes other than probable cause”).  

[¶10] Here, Erickson conceded the officer had probable cause to arrest him for driving under the influence, and therefore probable cause was not an issue at trial.  Thus, the parties do not dispute the result of the A.L.E.R.T. test was inadmissible under N.D.C.C. § 39-20-14.  The parties do dispute the admissibility of the arresting officer’s testimony that, after stopping Erickson, the officer asked him whether he would consent to a breath test and the further testimony that Erickson consented.  Erickson’s attorney objected arguing the testimony was inadmissible, citing 
State v. Schimmel
, 409 N.W.2d 335 (N.D. 1987).  The City asserts the trial court did not err in admitting testimony that Erickson consented to take the A.L.E.R.T. test because the result of Erickson’s test was never admitted.  

[¶11] We agree the language of N.D.C.C. § 39-20-14 explicitly refers to the result of an A.L.E.R.T. test, and not to the admissibility of whether a person consented to take an A.L.E.R.T. test.  However, N.D.R.Ev. 401 defines relevant evidence as “evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.”  
See also
 
State v. Klein
, 1999 ND 76, ¶ 5, 593 N.W.2d 325; 
State v. Schimmel
, 409 N.W.2d 335, 339 (N.D. 1987).  Irrelevant evidence is inadmissible.  N.D.R.Ev. 402; 
Schimmel
, at 339. 

[¶12] Probable cause for Erickson’s arrest was not an issue at trial rendering the result of the test irrelevant and inadmissible under N.D.C.C. § 39-20-14.  Thus, whether Erickson consented to take a breath test was also irrelevant evidence having no tendency “to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.”  N.D.R.Ev. 401.  We therefore conclude the trial court erred in admitting the irrelevant evidence that Erickson consented to take a breath test.  
See
 N.D.R.Ev. 402.

III.

[¶13] If this court decides a trial court erred in admitting evidence, we must then decide whether the error was so prejudicial that a defendant’s substantial rights were affected and a different decision would have resulted without the error.  
See
 
State v. Schimmel
, 409 N.W.2d 335, 339 (N.D. 1987); 
see also
 1 Jack B. Weinstein & Margaret A. Berger, 
Weinstein’s Federal Evidence
 § 103.41[5][c] (2d ed. 1999) (noting the prejudicial effect of improperly admitted evidence is the “single most important factor” when deciding whether an error is harmless or prejudicial).  An erroneous evidentiary ruling shall be disregarded as harmless error under  N.D.R.Crim.P. 52(a) if it does not affect substantial rights of the defendant.  
See, e.g.
, 
State v. Messner
, 1998 ND 151, ¶ 24, 583 N.W.2d 109 (noting erroneously admitted evidence that is cumulative to other properly admitted evidence is harmless error because it is not prejudicial and does not affect the substantial rights of a party); 
State v. Hart
, 1997 ND 188, ¶ 21, 569 N.W.2d 451; 
State v. Schimmel
, 409 N.W.2d 335, 339 (N.D. 1987); 
State v. Lind
, 322 N.W.2d 826, 837 (N.D. 1982).  The note to N.D.R.Crim.P. 52 explains:  “To determine whether error affecting substantial rights of the defendant has been committed, the entire record must be considered and the probable effect of the error determined in the light of all the evidence.”  
See also
 28 James W. Moore et al, 
Moore’s Federal Practice
 
Federal Rules of Criminal Procedure
  § 652.03[1] (2d ed. 1999) (An error should not be considered in isolation when deciding whether it has affected a defendant’s substantial rights, but should be considered in the context of the entire record.); 1 Jack B. Weinstein & Margaret A. Berger, 
Weinstein’s Federal Evidence
 § 103.41[5][a] (2d ed. 1999) (Appellate courts frequently conclude an error is prejudicial if the “erroneously admitted evidence is the only or primary evidence in support of or in opposition to a claim or defense”). 

[¶14] Erickson asserts he was prejudiced because of the erroneous admission of irrelevant evidence.  However, erroneous introduction of irrelevant evidence does not necessarily mean its admission was prejudicial.  
State v. Drader
, 374 N.W.2d 601, 602 (N.D. 1985).  The irrelevant evidence heard by the jury in this case was simply that the consent implied by N.D.C.C. § 39-20-14 was, in fact, given by Erickson.  Standing alone, this erroneous admission was not prejudicial. 

[¶15] Erickson contends, however, the jury’s question whether a breathalyzer test was admitted and if so, what the results of that test were, evidenced the jury was focused on irrelevant evidence and, therefore, it necessarily was so prejudicial that its admission requires automatic reversal.  On the record provided, prejudice to Erickson’s substantial rights cannot be shown.  Although Erickson ordered the transcript of the motion hearing of September 8, 1998, and the transcript of the direct testimony of the arresting officer, he failed to provide this court with a full transcript of the trial proceedings.  There is no record on appeal of the trial court’s response, if any, to the questions of the jury.  Without such a record, the jury questions alone are insufficient to establish the error was prejudicial.  We will not engage in inappropriate speculation about the trial court’s response.     

[¶16] An appellant has a duty to provide this court with a transcript sufficient to allow for an intelligent and meaningful review of an alleged error.  
See
 
Sabot v. Fargo Women’s Health Organization, Inc.
, 500 N.W.2d 889, 891 (N.D. 1993) (citation omitted).  Under N.D.R.App.P. 10(b) “[i]f an appeal is taken in a case in which an evidentiary hearing was held, it is the duty of the appellant to order a transcript of the proceedings.”  An appellant “assumes the consequences and the risk for the failure to file a complete transcript.”  
Sabot
, at 892 (citation omitted); 
City of Fargo v. Bommersbach
, 511 N.W.2d 563, 566 (N.D. 1994).  Without the ability to consider the error in the context of the entire transcript, we must make our analysis under N.D.R.Crim.P. 52(a) in the context of the record provided.  Reviewing that record, the judgment of conviction must be affirmed because we are unable to determine it is likely the erroneous admission of irrelevant evidence that Erickson consented to take an A.L.E.R.T. test changed the final result.  The error asserted here is not one of constitutional dimension.  “A nonconstitutional error is harmless unless it had a substantial influence on the jury’s verdict in the context of the entire case, or leaves one in grave doubt whether it had such an effect.”  
United States v. Moore
, 129 F.3d 989, 991 (8
th
 Cir. 1997) (citation omitted).   

[¶17] Erickson assumed the risk and the consequences of providing a partial transcript on appeal.  The evidence in the partial transcript shows the jury was not instructed to disregard the testimony that Erickson consented to take a breath test; however, the jury never heard the result of that test.  The jury did hear evidence that Erickson submitted to a blood-alcohol test within one hour after he was stopped.  The blood test showed a blood-alcohol level of .19 percent, .09 percent above the legal limit.  We agree with the State that relying on the result of the blood-alcohol test alone, the jury could have convicted Erickson of driving under the influence.  Hearing that Erickson consented to take the A.L.E.R.T. screening test was unlikely to have had a substantial effect on the jury’s verdict.  We conclude, based on the weight of the evidence in the record on appeal, the error was not so prejudicial that justice requires reversal of Erickson’s conviction. 

IV.

[¶18] We affirm the trial court ’s judgment of conviction finding Erickson guilty of driving under the influence of alcohol.

[¶19] Carol Ronning Kapsner

Mary Muehlen Maring

William A. Neumann

Gerald W. VandeWalle, C.J.

Sandstrom, Justice, concurring specially.

[¶20] At ¶ 12, the majority writes, “We therefore conclude the trial court erred in admitting the irrelevant evidence that Erickson consented to take a breath test.”  In fact, as the transcript reflects, no evidence was admitted as a result of the trial court’s ruling.

[¶21] Rule 103(a), N.D.R.Ev., provides:

Error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected, and

 

(1)  Objection.  In case the ruling is one admitting evidence, a timely objection or motion to strike appears of record, stating the specific ground of objection, if the specific ground was not apparent from the context;

 

[¶22] This Court has explained:

In general, a party must object at the time the alleged irregularity occurs; failure to object acts as a waiver of the claim of error.  
Andrews v. O’Hearn
, 387 N.W.2d 716, 730 (N.D. 1986) (citations omitted).  Error may not be predicated on an argument of counsel unless there was a timely objection and a ruling by the trial court.  
Glatt v. Bank of Kirkwood Plaza
, 383 N.W.2d 473, 481 (N.D. 1986).  To take advantage of irregularities during trial, a party “must do so at the time they occur, to the end that the court may take appropriate action if possible to remedy any prejudice that may have resulted.”  
Glatt
, 
supra
, at 481 (citing 
Braun v. Riskedahl
, 150 N.W.2d 577, 583 (N.D. 1967)).

 

Anderson v. Otis Elevator Co.
, 453 N.W.2d 798, 801 (N.D. 1990) (footnote omitted).  Professor McCormick explains:

§ 52.  Objections

If the administration of the exclusionary rules of evidence is to be fair and workable the judge must be informed promptly of contentions that evidence should be rejected, and the reasons therefor.  
The initiative is placed on the party, not on the judge.  The general approach, accordingly, is that a failure to object to an offer of evidence at the time the offer is made, assigning the grounds, is a waiver upon appeal of any ground of complaint against its admission.
  It is important to note, however, that this usual approach is modified by the doctrine of plain error, which is discussed at the end of this section.

Time of Making:  Motions to Strike.  Consistently with the above approach, counsel is not allowed to gamble upon the possibility of a favorable answer, but must object to the admission of evidence as soon as the ground for objection becomes apparent.  
Usually, in the taking of testimony of a witness an objection is apparent as soon as the question is asked, since the question is likely to indicate that it calls for inadmissible evidence.  Then counsel must, if opportunity affords, state her objection before the witness answers.
  But sometimes an objection before an answer to a question is not feasible.  A forward witness may answer before counsel has a chance to object.  A question which is not objectionable may be followed by an objectionable unresponsive answer.  Or, after the evidence is received, a ground of objection to the evidence may be disclosed for the first time in the later course of the trial.  In all these cases, an “after-objection” may be stated as soon as the ground appears.  The proper technique for such an objection is to phrase a motion to strike out the objectionable evidence, and to request an instruction to the jury to disregard the evidence.  Counsel should use the term “motion to strike,” as just indicated, but it seems that any phraseology which directs the judge’s attention to the grounds as soon as they appear, and asserts the objection, should be sufficient.

 

Charles McCormick, McCormick on Evidence § 52, at 200-201 (4th ed. 1992) (emphasis added) (footnotes omitted.)

[¶23] The record reflects that nothing objected to came into evidence:

ATTORNEY O’KEEFFE: Okay.  What was the defendant’s response to your question whether or not he had been drinking the second time?

OFFICER POTTER: He said he had not been drinking anything.

ATTORNEY O’KEEFFE: Okay.  What did you do then?

OFFICER POTTER: I asked him if he would consent to a breath test.

 

At this point there is no objection and no motion to strike.

ATTORNEY O’KEEFFE: Okay.  And what — what happened?

OFFICER POTTER: He consented to take one.

 

Then the first indication of an objection.

ATTORNEY WOODS: Well, Your Honor, I’m going to object to this.  I brought this up earlier, too, and you said there would be big trouble - - 

ATTORNEY O’KEEFFE: Strike that question.

ATTORNEY WOODS: Too late.

 

The court then asks what the objection is.

THE COURT: What?  Do you have an objection?

ATTORNEY WOODS: Yes.

THE COURT: State it.

ATTORNEY WOODS: What he’s about to testify is inadmissible in the case law and your ruling.

 

There was no objection to anything testified to, and no motion to strike.  The only objection is to “what he’s about to testify to.”  But the record reflects that even though the objection was overruled, the witness never testified to what he was “about to testify to.”

THE COURT: Overruled.

ATTORNEY WOODS: Overruled?

THE COURT: Overruled.

ATTORNEY WOODS: This is 
State v. Schimmel
, Your Honor.

THE COURT: Overruled.

ATTORNEY O’KEEFFE: Officer, let’s skip what we were just talking about.  Let’s go right to field sobriety tests.  Did you perform those?

 

[¶24] This Court explained in 
In Interest of S.W.
, 290 N.W.2d 675, 678 (N.D. 1980):

This court stated many times that an assignment of error in the admission of evidence will not be reviewed on appeal unless proper and timely objection is made to the admissibility thereof, and that the admissibility of such evidence cannot be challenged for the first time on appeal.  
State v. Moore
, 286 N.W.2d 274 (N.D. 1979); 
Grenz v. Werre
, 129 N.W.2d 681 (N.D. 1964); 
Umphrey v. Deery
, 78 N.D. 211, 48 N.W.2d 897 (1951).  We noted, in 
State v. Moore
, 
supra
, that this rule is in harmony with current Rule 103, NDREv, which provides that error may not be predicated upon a ruling which admits evidence involving a substantial right of the party affected unless a timely objection or motion to strike appears of record, stating the specific ground for objection, if the specific ground was not apparent from the context.

 

The defendant seeks to raise for the first time on appeal an objection he never made in the district court.  Despite the district court’s ruling, no evidence the defendant objected to ever came in.

[¶25] I concur in the result.

[¶26] Dale V. Sandstrom