2000 ND 130

In the Interest of A.R., a child.

L.J. Bernhardt, Petitioner
and Appellee,

v.

A.R., a child, K.G., her mother,
Respondents and
Appellants,

and

D.R., her father, J.R., her grandfather/guardian, and the Director of North Dakota Department of Human Services, Respondents.

No. 20000021.

Supreme Court of North Dakota.

June 29, 2000.

Rehearing Denied July 21, 2000.

A.R., pro se, and K.G., pro se, respondents and appellants.

Owen K. Mehrer, Assistant State's Attorney, Dickinson, N.D., for petitioner and appellee.

MARING, Justice.

[¶ 1] A.R. and her mother, K.G., appeal from a trial court order terminating K.G.'s parental rights and transferring care, custody and control of A.R. to the Executive Director of the North Dakota Department of Human Services. We affirm.

■ [¶ 2] Before turning to the merits, we address a procedural argument raised by Appellee. He contends K.G.'s appeal is untimely and, therefore, this Court lacks jurisdiction to hear it. However, Appellee concedes A.R. and K.G.'s appeals present identical issues, that A.R. has standing to raise these issues, and that A.R.'s appeal was timely filed. Thus, we conclude the merits of this case are properly before us through A.R.'s appeal, and we deem it unnecessary to examine the timeliness of K.G.'s appeal. *See Kaler v. Kraemer,* 1999 ND 237, ¶ 22, 603 N.W.2d 698 ("Questions, the answers to which are not necessary to the determination of an appeal, need not be considered.").

■ [¶ 3] Turning to the merits, Appellants challenge the juvenile court's findings of fact relating to its determination K.G.'s parental rights should be terminated, namely: (1) A.R. is a deprived child; (2) the conditions and causes of A.R.'s deprivation are likely to continue; and (3) in the future, A.R. would likely suffer serious physical, mental, moral or emotional harm. *See* N.D.C.C. § 27-20-44(1)(b). In an appeal from an order of the juvenile court, our review is comparable to a trial de novo in that we may reexamine the evidence; our review is not limited to determining whether the juvenile court's findings are clearly erroneous. *Interest of*

*R.K.E.,* 1999 ND 106, ¶ 4, 594 N.W.2d 702. However, we give "appreciable weight" to the findings of the juvenile court because that court heard the testimony and had the opportunity to observe the candor and demeanor of the witnesses. *See* N.D.C.C. § 27-20-56(1); *Interest of R.D.B.,* 1998 ND 15, ¶ 9, 575 N.W.2d 420.

[¶ 4] The juvenile court held an evidentiary hearing during which it heard evidence and arguments by counsel and also reviewed the report of A.R.'s guardian ad litem. Following this hearing, it found K.G. had physically and verbally abused A.R. in the past, that K.G. had an extensive history of substance abuse and had been incarcerated many times, and that K.G. played only a limited role in A.R.'s upbringing. Further, the court found A.R. was suffering from a variety of psychological and substance abuse problems and that she had stolen and crashed her grandfather's car in an attempt to run away from home. Based on these facts, the juvenile court determined it was in A.R.'s best interests that K.G.'s parental rights be terminated.

■ [¶ 5] Under N.D.C.C. § 27-20-56(1), in an appeal from an order of the juvenile court, this Court is to review the "files, records, and minutes or transcript of the evidence of the juvenile court." Under Rule 10(b), N.D.R.App.P., in an appeal from a proceeding in which an evidentiary hearing was held, it is the duty of the appellant to order a transcript. Yet, neither appellant in this case secured a transcript of the evidentiary hearing which preceded the juvenile court's order. We have warned that an appellant "assumes the consequences and the risk for the failure to file a complete transcript." *City of Fargo v. Erickson,* 1999 ND 145, ¶ 16, 598 N.W.2d 787 (citation omitted). It is the appellant's burden to call to this Court's attention the evidence, or lack thereof, which makes the findings erroneous.

*Owan v. Kindel,* 347 N.W.2d 577, 579 (N.D.1984). In the absence of a transcript, we find nothing in the record before this Court that contradicts the juvenile court's findings, to which we accord some deference under our standard of review.

[¶ 6] We, therefore, affirm the juvenile court's order.

[¶ 7] GERALD W. VANDE WALLE, C.J., WILLIAM A. NEUMANN, DALE V. SANDSTROM, CAROL RONNING KAPSNER, JJ., concur.