Filed 3/15/12 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2012 ND 49

In the Interest of I.D., a child

State of North Dakota, Petitioner and Appellee

v.

I.D., C.L., and M.D.,                                                                                    Respondents

   --------------

M.D. and I.D., Appellants

No. 20110275

Appeal from the Juvenile Court of Barnes County, Southeast Judicial District, the Honorable Jay A. Schmitz, Judge.

AFFIRMED.

Per Curiam.

Bradley A. Cruff (argued), Assistant State’s Attorney, Courthouse, 230 4th Street NW, Room 301, Valley City, ND 58072, for petitioner and appellee.

M.D. (argued), self-represented, and I.D. (appeared), 9877 County Road 28, Wimbledon, ND 58492, appellants.

Interest of I.D.

No. 20110275

Per Curiam.

[¶1] M.D. appeals from a juvenile court order adjudicating his child, I.D., a delinquent child.  On appeal, M.D. argues the juvenile court should have granted his motion to suppress evidence because I.D. was in custody during police questioning, I.D. was not advised of his rights, and M.D. was not notified of the questioning.

[¶2] “If an appeal is taken in a case in which an evidentiary hearing was held, the appellant must order a transcript of the proceedings . . . .”  N.D.R.App.P. 10(b)(1).  M.D. failed to order transcripts, without which we cannot review the evidence before the juvenile court.  “We have warned that an appellant ‘assumes the consequences and the risk for the failure to file a complete transcript.’”  
In re A.R.
, 2000 ND 130, ¶ 5, 612 N.W.2d 569 (quoting 
City of Fargo v. Erickson
, 1999 ND 145, ¶ 16, 598 N.W.2d 787 (citation omitted)).  In the absence of a transcript, we find nothing in the record to contradict the juvenile court’s findings, and we summarily affirm under N.D.R.App.P. 35.1(a)(2).

[¶3] Gerald W. VandeWalle, C.J.

Carol Ronning Kapsner

Dale V. Sandstrom

Daniel J. Crothers

Mary Muehlen Maring