2009 ND 163

**STATE of North Dakota, Plaintiff and Appellee**

v.

**Jeffrey SCHMEETS, Defendant and Appellant.**

**No. 20080225.**

Supreme Court of North Dakota.

Sept. 16, 2009.

Walter M. Lipp (on brief), State's Attorney, McClusky, ND, for plaintiff and appellee.

Irvin B. Nodland (argued), Irvin B. Nodland, P.C., Bismarck, ND, for defendant and appellant.

KAPSNER, Justice.

[¶ 1] Jeffrey Schmeets appeals a district court's criminal judgment entered after a jury found him guilty of possession of controlled substances and drug paraphernalia. Because the district court erred by allowing evidence of Schmeets' two prior felony convictions to be introduced into evidence without conducting the balancing test required by N.D.R.Ev. 403, and because it is impossible to determine that the use of the evidence did not substantially affect Schmeets' right to a fair trial, we reverse and remand for a new trial.

[¶ 2] Schmeets was charged with drug violations in the fall of 2005. In April 2006, he entered two guilty pleas for possession of drug paraphernalia and controlled substances, for which he was sentenced to serve one year in the custody of the department of corrections, with the execution of the imprisonment suspended for two years, and three years of supervised probation. Schmeets was found eligible for a "diversion" program that allowed his parole officer to search Schmeets and his home at any time and required Schmeets to take a urine test twice a week. Because Schmeets tested positive for illicit drugs during a urinalysis in November 2006, his probation officer conducted a probation search in January 2007. During the search, one of the officers found a small corner of a sandwich bag with white residue in a burn barrel on Schmeets' premises. There was nothing else in the barrel, nor were similar bags found in the house. Schmeets was not arrested, but was put on supervised probation, and the earlier "diversion" program was ended.

[¶ 3] A second search was conducted in April 2007 after law enforcement officers received information from a third party about drugs and drug paraphernalia at Schmeets' home. During that search, the officers found on the kitchen floor a duffle bag containing various items, including psilocybin, methamphetamine, and marijuana. The officers also found cash, including $3,500 in a blue bank bag in a bedroom safe, $1,420 in an envelope, and $1,762 in Schmeets' wallet. Schmeets was arrested and charged with possession of drug paraphernalia, stemming from the January search, and possession of psilocybin, marijuana, drug paraphernalia, and methamphetamine with intent to deliver, stemming from the April search.

[¶ 4] At trial, Schmeets testified the items found during the two searches were not his; he guessed the duffle bag must belong to a drug offender whose car was found on Schmeets' premises on April 16, 2007, the day of the search. According to Schmeets' testimony, two other individuals were at his house on April 15; he suspected he must have been slipped something in his drink because he was feeling "groggy" when the officers woke him up on April 16. The State offered into evidence a piece of paper found in Schmeets' wallet, arguing that piece of paper was a "pay-owe" sheet, which is how drug dealers keep track of what they owe and are owed. Schmeets denied the note made reference to any drug transaction. He testified the note was a record-keeping note of his sales of Vigortone, an agricultural mineral product he was selling as an agent. He also testified some of the cash found in his house was from his recently having cashed in a cattle check. The State offered into evidence two certified judgments showing Schmeets' prior drug convictions, arguing the evidence was to show Schmeets' intent to possess drug paraphernalia. Schmeets' counsel objected, and the court allowed the evidence in for the limited purpose of determining whether items were drug paraphernalia under N.D.C.C. § 19–03.4–02(2).

[¶ 5] The jury found Schmeets not guilty of the charge of possession of drug paraphernalia stemming from the January search, but guilty of the charges stemming from the April search. Schmeets was then sentenced to five years' imprisonment on each count, to be served concurrently.

[¶ 6] Schmeets argues the district court committed several obvious errors affecting his substantial right to a fair trial. First, he argues the district court erred in allowing evidence of two prior felony convictions to be introduced.

[¶ 7] "The appellant bears the burden on appeal of proving error." *State v. Raywalt*, 436 N.W.2d 234, 238 (N.D. 1989). The standard of review of a district court's evidentiary rulings is abuse of discretion. *State v. Jaster*, 2004 ND 223, ¶ 12, 690 N.W.2d 213. A district court abuses its discretion when it acts in an arbitrary, unreasonable, or capricious manner, or misinterprets or misapplies the law. *Id.*

[¶ 8] Without providing notice under N.D.R.Ev. 404(b), the State offered into evidence certified copies of Schmeets' two prior felony convictions for the purpose of showing his intent to possess drug paraphernalia. Schmeets' counsel objected, but the district court allowed the prior convictions in for the limited purpose of determining whether an object is drug paraphernalia under N.D.C.C. § 19–03.4–02(2).

> In determining whether an object is drug paraphernalia, a court or other authority shall consider, in addition to all other logically relevant factors:
>
> . . . .
>
> 2. Prior convictions, if any, of an owner, or of anyone in control of the object, under any state or federal law relating to any controlled substance.

N.D.C.C. § 19–03.4–02(2).

[¶ 9] Section 19–03.4–02 of the North Dakota Century Code, previously found in N.D.C.C. § 12.1–31.1–02, lists several factors to be considered when determining whether an object is drug paraphernalia:

> In determining whether an object is drug paraphernalia, a court or other authority shall consider, in addition to all other logically relevant factors:
>
> 1. Statements by an owner or by anyone in control of the object concerning its use.
>
> 2. Prior convictions, if any, of an owner, or of anyone in control of the object, under any state or federal law relating to any controlled substance.
>
> 3. The proximity of the object, in time and space, to a direct violation of chapter 19–03.1.
>
> 4. The proximity of the object to controlled substances.
>
> 5. The existence of any residue of controlled substances on the object.
>
> 6. Direct or circumstantial evidence of the intent of an owner, or of any person in control of the object, to deliver the object to another person whom the owner or person in control of the object knows, or should reasonably know, intends to use the object to facilitate a violation of chapter 19–03.1. The innocence of an owner, or of any person in control of the object, as to a direct violation of chapter 19–03.1 may not prevent a finding that the object is intended or designed for use as drug paraphernalia.
>
> 7. Instructions, oral or written, provided with the object concerning the object's use.
>
> 8. Descriptive materials accompanying the object which explain or depict the object's use.
>
> 9. National and local advertising concerning the object's use.
>
> 10. The manner in which the object is displayed for sale.
>
> 11. Whether the owner, or anyone in control of the object, is a legitimate supplier of like or related items to the community, for example, a licensed distributor or dealer of tobacco products.
>
> 12. Direct or circumstantial evidence of the ratio of sales of the object or objects to the total sales of the business enterprise.

13. The existence and scope of legitimate uses for the object in the community.

14. Expert testimony concerning the object's use.

15. The actual or constructive possession by the owner or by person in control of the object or the presence in a vehicle or structure where the object is located of written instructions, directions, or recipes to be used, or intended or designed to be used, in manufacturing, producing, processing, preparing, testing, or analyzing a controlled substance.

N.D.C.C. § 19–03.4–02. Section 12.1–31.1–02, N.D.C.C., *repealed by* 2001 N.D. Sess. Laws ch. 214, § 10, contained language similar to N.D.C.C. § 19–03.4–02. In 2001, the prior statute was repealed and a new chapter on drug paraphernalia, chapter 19–03.4, was enacted. Section 19–03.4–02, N.D.C.C. was virtually the same as the repealed section, except that the first sentence was amended to read: "In determining whether an object is drug paraphernalia, a court or other authority *shall* consider," instead of "*should* consider." (Emphasis added.)

[¶ 10] The only case addressing the previous statute is *State v. Raywalt*, 436 N.W.2d 234 (N.D.1989), which was decided prior to the 2001 amendment. In *Raywalt*, a jury found Raywalt guilty of possession of drug paraphernalia, and Raywalt appealed. 436 N.W.2d at 235. On appeal, Raywalt asserted the trial court erred by admitting into evidence "a certified copy of Raywalt's prior conviction of delivery of a controlled substance." *Id.* at 238. This Court discussed N.D.R.Ev. 403 and 404 and N.D.C.C. § 12.1–31.1–02, and held:

Admission of prior convictions is governed generally by Rules 403 and 404, N.D.R.Evid. Rule 404(b) provides that

evidence of other crimes is admissible to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Although relevant for such purposes, evidence of other crimes may still be excluded "if its probative value is substantially outweighed by the danger of unfair prejudice." Rule 403, N.D.R.Evid. Thus, the trial court is called upon to balance the probative value of the evidence against its prejudicial effect in determining whether to admit evidence of a defendant's past crimes. *State v. Micko*, 393 N.W.2d 741, 744–745 (N.D.1986).

In addition, Section 12.1–31.1–02(2), N.D.C.C., provides that, in determining whether an object is drug paraphernalia, a court or other authority may consider the prior drug convictions of the owner or person in control of the object. The State argues that the statute makes evidence of a prior conviction automatically admissible, without taking into consideration the prejudicial effect of such evidence under Rule 403. We, however, view the statute as dealing with *relevance*, not *admissibility*, of evidence. Thus, although the evidence of Raywalt's prior conviction for delivery of methamphetamine is relevant to the issue of whether the drug recipe constituted paraphernalia, the trial court still must employ the balancing test of Rule 403 to determine whether its probative value is outweighed by its prejudicial effect.

*Id.*

[¶ 11] *Raywalt* clarified that when district courts applied N.D.C.C. § 12.1–31.1–02, the North Dakota Rules of Evidence, specifically, N.D.R.Ev. 403 and 404, were not to be disregarded. *Id.* The language of N.D.C.C. § 19–03.4–02(2) differs from the former N.D.C.C. § 12.1–31.1–02(2) in that prior convictions "shall" be considered

by a court, rather than "should" be considered by a court. However, nothing in the text of N.D.C.C. § 19–03.4–02 or in its legislative history suggests, in admitting such evidence under N.D.C.C. § 19–03.4–02(2), the rules of evidence may be disregarded.

[¶ 12] Section 19–03.4–02, N.D.C.C., contains fifteen factors district courts are to consider when determining whether an object is drug paraphernalia. The introductory text also states in addition to the listed factors, courts are to consider "all other logically relevant factors." N.D.C.C. § 19–03.4–02. There is no basis to assume the intent of the Legislature was to mandate district courts to automatically admit not only the fifteen listed factors, but also the amorphous "all other logically relevant factors," in determining whether a defendant is guilty of possessing drug paraphernalia. Rather, the statute identifies factors to be considered when a district court or other authority such as a law enforcement officer or prosecutor, determines whether the items at issue are, in fact, drug paraphernalia.

[¶ 13] The predecessor to N.D.C.C. § 19–03.4–02, former § 12.1–31.1–02, N.D.C.C., was part of a uniform law, the Model Drug Paraphernalia Act. *Hearing on H.B. 1510 Before the Social Services and Veterans Affairs Comm.*, 47th N.D. Legis. Sess. (Feb. 5, 1981) (testimony of Rep. Dietz). The Model Drug Paraphernalia Act was drafted by the Drug Enforcement Administration to enable states to better handle issues arising with drug paraphernalia. *Id.* (Model Drug Paraphernalia Act With Prefatory Notes and Comments). Referring to the section of the Act adopted by the North Dakota Legislature and located at N.D.C.C. § 12.1–31.1–02, the comments to the Act provide:

In addition to defining drug paraphernalia and describing the common forms,

Article I sets out some of the more relevant factors to consider in determining whether an object is paraphernalia. The listing of these factors in the Model Act is not intended to be peremptory; a court or other authority is not obligated to hear evidence on, or to consider, every listed factor. Rather, the factors have been included to guide law enforcement officers, judges, and juries in their determination of what is controlled. Providing guidance on the practical application of the Act minimizes the risk of arbitrary and d[i]scriminatory enforcement, sometimes associated with even the most carefully drafted statutes. See *Interstate Circuit, Inc. v. City of Dallas,* 390 U.S. 676, 88 S.Ct. 1298[, 20 L.Ed.2d 225] (1968).

Conversely, the listing of these factors is not meant to be inclusive. Any logically relevant factor may be considered. *Id.*

 [¶ 14] After the original enactment of this statute, the language was amended from "should consider" to "shall consider." However, the purpose for which these factors are to be considered has not changed. Neither has the breadth of the factors to be considered. We do not assume the legislative intent was to impermissibly invade the province of the courts to determine the rules of evidence. *See, e.g.,* N.D.C.C. § 27–02–08. This Court has the constitutional authority to create rules of procedure to be followed in the courts of this State, which includes rules for the receipt and admission of evidence. *City of Fargo v. Ruether,* 490 N.W.2d 481, 483 (N.D.1992). Section 27–02–08, N.D.C.C., is a statutory recognition of the power of the court. *Id. See also State v. Brown,* 2009 ND 150, ¶¶ 41–42, 771 N.W.2d 267. We do not read § 19–03.4–02, N.D.C.C. as inconsistent with the rules of evidence. Rather, in applying N.D.C.C. § 19–03.4–

02, as was true with former N.D.C.C. § 12.1–31.1–02, district courts must apply N.D.R.Ev. 403 and 404.

[¶ 15] In prior cases, this Court has "warned of the dangers inherent in allowing evidence of other acts to show propensity and of tempting a jury to convict a defendant for actions other than the charged misconduct." *State v. Ramsey*, 2005 ND 42, ¶ 19, 692 N.W.2d 498 (citing *State v. Osier*, 1997 ND 170, ¶ 6, 569 N.W.2d 441). Rule 404(b), N.D.R.Ev., controls the admission of such evidence, and provides:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. However, it may be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.

We have discussed the rationale behind this rule: "Evidence of prior acts or crimes is generally not admissible unless it is substantially relevant for some purpose other than to point out the defendant's criminal character and thus to show the probability that he acted in conformity therewith." *State v. Hatlewick*, 2005 ND 125, ¶ 8, 700 N.W.2d 717 (quoting *State v. Biby*, 366 N.W.2d 460, 463 (N.D.1985)). This rule recognizes "the inherent prejudicial effect prior bad act evidence may have on the trier of fact and limits its use under specifically recognized exceptions." *Id.* (citing *State v. Micko*, 393 N.W.2d 741, 744 (N.D.1986)). Prior bad act evidence is not automatically excluded, if offered for a proper purpose. Section 19–03.4–02, N.D.C.C., indicates that past convictions serve a proper purpose such as preparation, plan, knowledge, or intent when a defendant is contesting whether an item is drug paraphernalia. However, even where offered for a proper purpose, the district court is required to conduct the balancing test. Rule 403, N.D.R.Ev., states: "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." "The rule 'does not authorize automatic admission merely because the proponent advances a proper purpose for the evidence'; instead, the relevance and probative value of the evidence must be demonstrated." *Hatlewick*, 2005 ND 125, ¶ 8, 700 N.W.2d 717 (quoting *Micko*, 393 N.W.2d at 744). Trial courts conduct a three-step analysis when applying N.D.R.Ev. 404(b):

> 1) the purpose for which the evidence is introduced, 2) the evidence of the prior act or acts must be substantially reliable or, "clear and convincing," and, 3) in criminal cases, there must be proof of the crime charged which permits the trier of fact to establish the defendant's guilt or innocence independently on the evidence presented, without consideration of the evidence of the prior acts. Following this analysis, the trial court must finally determine if, under Rule 403, the probative value of the evidence outweighs any possible prejudicial effect.

*Hatlewick*, 2005 ND 125, ¶ 9, 700 N.W.2d 717 (quoting *State v. Christensen*, 1997 ND 57, ¶ 7, 561 N.W.2d 631).

[¶ 16] Schmeets also argues the State failed to give reasonable notice about its intent to introduce Schmeets' prior convictions into evidence, which the State has

denied, arguing copies of the judgments were made available to defense counsel during discovery. According to N.D.R.Ev. 404(b), when the prosecution intends to introduce evidence of prior crimes, it "shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown." Under Rule 404(b), N.D.R.Ev., notice not only protects a defendant, but it also protects a district court from committing errors like this because it provides an alert to the district judge that the N.D.R.Ev. 403 balancing test must be done. Notice may be provided during trial rather than prior to trial if good cause is shown. N.D.R.Ev. 404(b). In this action, prior convictions were referred to by the State in its opening statement without any prior notice. The district court could not make a finding that the absence of notice was excused for good cause. Because N.D.R.Ev. 404(b) applies, the State failed to give the notice required by the rule and failed to alert the trial court the N.D.R.Ev. 403 analysis would be required.

[¶ 17] In *Raywalt*, this Court determined that statutory factors previously located at N.D.C.C. § 12.1–31.1–02, currently located at N.D.C.C. § 19–03.4–02, are relevant to intent and a district court must conduct the N.D.R.Ev. 403 balancing test. The statute was amended post-*Raywalt* from "a court should consider" to "a court shall consider." The amendment does not suggest district courts may forego conducting the N.D.R.Ev. 403 balancing test. However, the statutory language indicates that N.D.C.C. § 19–03.4–02 evidence will likely be admitted under the N.D.R.Ev. 403 balancing test, when a defendant is contesting whether an item is drug paraphernalia.

[¶ 18] At trial, substantial emphasis was placed on Schmeets' prior criminal convictions. The prior convictions were referenced in the state's attorney's opening statement. Certified copies of the judgments of conviction were introduced and, throughout trial, much of the questioning, before and after introduction of the certified copies, was based on the prior convictions. After the State made direct references to prior convictions for possession of drug paraphernalia, and the State examined three witnesses with multiple references to Schmeets' probationary status, the State offered the certified copies of Schmeets' prior convictions. At the time of the offer and receipt of the certified copies, no defense witnesses had been called to suggest the defense was contesting whether the items were drug paraphernalia. Nothing had been said in Schmeets' opening statement to suggest this was an issue. Upon defense objection, the court ruled:

> Well one of the things that a juror can use in determining whether an item is drug paraphernalia is prior convictions, if any, of an owner or of anyone in control of the object under state or federal law relating to any controlled substance. So for that limited purpose, the Court would allow exhibits 1 and 2 and note your objection for the record Mr. Stensland. I guess I would just comment ladies and gentlemen that these convictions or records of convictions should be used only for that purpose and not generally to think that Mr. Schmeets is a bad guy or anything like that, but solely in determining whether an item that is or will be in evidence is drug paraphernalia.

Despite the trial court's admonishment that prior convictions served a limited purpose, the State urged a greater reliance on the convictions in its closing argument:

> I ask that the jury—when you go into your room to consider this, look at the evidence that was undisputed—that no-

body disputed in here, that this stuff was there. With the prior conviction, that means that he has dominion and control over that. That means that's possession. By law he had possession of those things—by North Dakota law. He can sit there and deny if it he wants, but by law he had possession. He has dominion and control.

[¶ 19] Although the trial court attempted to instruct the jury to limit its consideration of the prior convictions, because of the multiple prior and subsequent references to those convictions, it is impossible to say that the use of the convictions had no effect on the jury. *State v. Schlittenhardt*, 147 N.W.2d 118, 125 (N.D.1966). The State did not give notice of its intent to introduce evidence under N.D.R.Ev. 404(b); the trial court was deprived of a timely opportunity to weigh the evidence under the criteria of N.D.R.Ev. 403 or to timely instruct the jury as to the proper application of such evidence under N.D.R.Ev. 105. Where, as in this case, reference to prior criminal acts is pervasive throughout the trial and much is offered without limiting instruction, it is impossible to hold as a matter of law such evidence had no effect on Schmeets' substantial rights. *Schlittenhardt*, 147 N.W.2d at 126. We reverse and remand for a new trial.

[¶ 20] Schmeets raises several other evidentiary issues and argues he received ineffective assistance of counsel. Because we reverse the conviction and remand for a new trial, we deem it unnecessary to decide those issues. *Johnson v. Johnson*, 2001 ND 109, ¶ 13, 627 N.W.2d 779.

[¶ 21] GERALD W. VANDE WALLE, C.J., MARY MUEHLEN MARING and DANIEL J. CROTHERS, JJ., concur.

SANDSTROM, Justice, dissenting.

[¶ 22] Although I am persuaded by the majority that admission of the evidence of prior conviction under N.D.C.C. § 19–03.4–02 is subject to the balancing test of N.D.R.Ev. 403, I do not agree that this case should be reversed.

[¶ 23] As to the evidence of prior convictions, the defendant did not object on N.D.R.Ev. 403 grounds that the danger of unfair prejudice exceeded the probative value of the evidence. Had the defendant objected, the court would have done the balancing, and the evidence, the majority concedes, would have likely come in.

[¶ 24] The majority says, at ¶ 17, "However, the statutory language indicates that N.D.C.C. § 19–03.4–02 evidence will likely be admitted under the N.D.R.Ev. 403 balancing test, when a defendant is contesting whether an item is drug paraphernalia." Schmeets pleaded not guilty. A not guilty plea puts the State to its proof on every element of the crime. N.D.C.C. § 29–16–01 ("An issue of fact arises ... [u]pon a plea of not guilty[.]"); N.D.C.C. § 12.1–01–03(1) ("No person may be convicted of an offense unless each element of the offense is proved beyond a reasonable doubt."). Schmeets had not stipulated that the items were drug paraphernalia.

[¶ 25] Defendants should have to state their objection. The rule that proper objections must be raised is well-founded. N.D.R.Ev. 103(a)(1); *Gonzalez v. Tounjian*, 2003 ND 121, ¶ 31, 665 N.W.2d 705 ("Under Rule 103, one of the requirements for an effective appeal based upon erroneous admission of evidence is that the matter has been properly raised in the trial court so the court can intelligently rule on it."). Courts should be required to do N.D.R.Ev. 403 balancing only when an appropriate objection is made.

[¶ 26] There should be no place in our law for a "Gotcha" for criminal defendants who can fail to object and then get one free trial if convicted.

[¶ 27] Similarly, defendants contending they did not receive notice required by N.D.R.Ev. 402 should be required to timely object to evidence on that basis. Once again, a defendant should not be able to let evidence come in without raising the appropriate objection and then claim a right to a free trial when raising the issue long after the fact.

[¶ 28] The majority applies the wrong standard in deciding to reverse. As we said in *State v. Yineman*, 2002 ND 145, ¶ 22, 651 N.W.2d 648 (emphasis added):

> We have noted:
>
> > To establish obvious error under N.D.R.Crim.P. 52(b), the defendant has the burden to show (1) error, (2) that is plain, and (3) that affects substantial rights. We exercise our power to notice obvious error cautiously, and only in exceptional circumstances *where the accused has suffered serious injustice*. In determining whether there has been obvious error, we examine the entire record and the probable effect of the alleged error in light of all the evidence.
>
> *State v. Johnson*, 2001 ND 184, ¶ 12, 636 N.W.2d 391 (citations omitted).

Instead, the majority says, at ¶ 1, that "because it is impossible to determine that the use of the evidence did not substantially affect Schmeets' right to a fair trial, we reverse and remand for a new trial." At ¶ 19, the majority cites a case predating the North Dakota Rules of Criminal Procedure, *State v. Schlittenhardt*, 147 N.W.2d 118 (N.D.1966), for the proposition: "Where, as in this case, reference to prior criminal acts is pervasive throughout the trial and much is offered without limiting instruction, it is impossible to hold as a matter of law such evidence had no effect on Schmeets' substantial rights." *Schlittenhardt* is inapposite, not just because it predates N.D.R.Crim.P. 52(b), but also because the evidence in question was inadmissible in any case, and the defendant immediately objected and moved for a mistrial.

[¶ 29] Here, Schmeets has not "suffered serious injustice."

[¶ 30] I would affirm.

[¶ 31] Dale V. Sandstrom