2011 ND 110

In the Matter of the Application for DISCIPLINARY ACTION AGAINST Monty J. STENSLAND, A Member of the Bar of the State of North Dakota.

Disciplinary Board of the Supreme Court of the State of North Dakota, Petitioner

v.

Monty J. Stensland, Respondent.

No. 20100304.

Supreme Court of North Dakota.

June 21, 2011.

Brent J. Edison, Assistant Disciplinary Counsel, Bismarck, N.D., for petitioner.

Monty J. Stensland, self-represented, Grand Forks, N.D.

SUSPENSION ORDERED.

PER CURIAM.

[¶ 1]   Monty J. Stensland objects to the report of a hearing panel of the Disciplinary Board recommending suspension of his license to practice law, payment of restitution, and payment of costs of the disciplinary proceeding.  We conclude there is clear and convincing evidence Stensland violated N.D.R. Prof. Conduct 1.4, 1.5, 1.15, 1.16, and 8.4, and N.D.R. Lawyer Discipl. 1.2(A).  We order that Stensland be suspended from the practice of law for one year, pay restitution in the amount of $2,700, and pay costs and expenses of the disciplinary proceeding in the amount of $8,653.95.

I

[¶ 2]   In April 2008 Stensland was hired to represent Jeffrey Schmeets on pending criminal matters in Sheridan County and Wells County.  Stensland picked up Schmeets's file and a $9,200 retainer refund check made payable to Schmeets from another attorney who had reviewed the cases and declined representation.  Stensland admits that he scanned Schmeets's signature from another document onto the back of the check and de-

posited it into his trust account, but claims Schmeets authorized him to do so. Schmeets denied authorizing Stensland to scan the signature onto the check. Stensland did not provide a written fee agreement or retainer agreement when the check was deposited.

[¶ 3] On May 12, 2008, Stensland represented Schmeets at the jury trial in Sheridan County. Schmeets was acquitted on one charge but convicted on others. *See State v. Schmeets*, 2009 ND 163, 772 N.W.2d 623. On June 3, 2008, Stensland appeared before this Court and argued Schmeets's appeal from an order revoking Schmeets's probation from an earlier conviction. The appeal had been filed and briefed by another attorney. *See State v. Schmeets*, 2008 ND 119, 756 N.W.2d 344.

[¶ 4] On June 23, 2008, a written plea agreement and waiver of appearance in the Wells County matter was filed with the district court. The document was dated June 20, 2008, and bore signatures of Schmeets, Stensland, and the state's attorney. After a judgment of conviction was entered upon the plea agreement, Schmeets petitioned for post-conviction relief, alleging he had not signed the plea agreement. The State and Schmeets ultimately stipulated to entry of an amended criminal judgment lessening the penalties imposed upon Schmeets.

[¶ 5] Schmeets claims he never signed the original plea agreement and was incarcerated at the state penitentiary at that time. Stensland denies affixing Schmeets's signature and testified he did not recall or have an explanation for how the document got signed, but remembered discussions about having a Schmeets family member take the document to Schmeets for his signature. A handwriting expert testified, "There are good indications that the questioned signature was not authored by Jeffrey Schmeets or was not a genuine signature as authored by Jeffrey Schmeets."

[¶ 6] On August 18, 2008, Stensland represented Schmeets at the sentencing hearing on the Sheridan County convictions and at a corresponding civil forfeiture hearing. At the conclusion of the hearings Stensland and Schmeets had a short conference, and Schmeets requested a refund of unearned fees from the $9,200 Stensland had received. In response, Stensland composed a handwritten document stating:

> Retainer Agreement for Appeal of Convictions in Sheridan County
>
> Previously deposited $9,200.00 in Trust Account, $5,000.00 was retainer agreement on Wells County and Sheridan County matters. $1,500.00 was used on Supreme Court Appeal. Balance to be applied toward new appeal on Sheridan County Conviction.
>
> 8/18/08   /s/ Monty J. Stensland

Although Stensland did not formally withdraw as Schmeets's counsel, he did not speak to Schmeets again or perfect an appeal from the Sheridan County conviction. Schmeets filed his own notice of appeal and a different attorney represented him on the appeal. *See Schmeets*, 2009 ND 163, 772 N.W.2d 623.

[¶ 7] Disciplinary counsel petitioned for discipline, alleging Stensland had violated various disciplinary rules in his representation of Schmeets. The matter was referred to a hearing panel, which found that Stensland violated N.D.R. Lawyer Discipl. 1.2(A)(3) and N.D.R. Prof. Conduct 8.4(c) by affixing Schmeets's signature on a plea agreement by deceptive means; violated N.D.R. Prof. Conduct 1.15(a), (c), and (d) by mishandling and failing to refund unearned portions of an advance payment; violated N.D.R. Prof. Conduct 1.4(a) and (b) by failing to properly communicate

with Schmeets; violated N.D.R. Prof. Conduct 1.5(a) and (b) by failing to properly communicate the basis, rate, or amount of his fees and by charging an unreasonable fee; and violated N.D.R. Prof. Conduct 1.16(e) by failing to take appropriate steps upon withdrawal from representation, including refunding unearned advance fee payments. The hearing panel concluded there was not clear and convincing evidence that Stensland had affixed Schmeets's signature on the check without authorization.

[¶ 8] The hearing panel recommended that Stensland be suspended from the practice of law for one year, that he pay $2,700 in restitution to Schmeets, and that he pay costs and expenses of the disciplinary proceeding in the amount of $8,653.95. Stensland has objected to the hearing panel's report, arguing: (1) the hearing panel erred in finding that he either affixed or had someone else affix Schmeets's signature on the plea agreement; (2) the hearing panel erred in finding he did not earn the balance of the $9,200 retainer; and (3) assistant disciplinary counsel violated an agreement to sequester witnesses at the disciplinary hearing.

[¶ 9] The hearing panel had jurisdiction under N.D.R. Lawyer Discipl. 3.1(E). Stensland filed objections to the hearing panel's report after the time for objections had expired under N.D.R. Lawyer Discipl. 3.1(F), but subsequently submitted an affidavit alleging good cause for the untimely filing. This Court agreed to accept the untimely filing and consider Stensland's objections. This Court has jurisdiction under N.D. Const. art. VI, § 3, N.D.C.C. § 27–14–01, and N.D.R. Lawyer Discipl. 3.1(F).

## II

[¶ 10] We recently summarized our standard of review in disciplinary proceedings:

This Court reviews disciplinary proceedings de novo on the record. Disciplinary counsel must prove each alleged violation by clear and convincing evidence, which means the trier of fact must be reasonably satisfied with the facts the evidence tends to prove and thus be led to a firm belief or conviction. The evidence need not be undisputed to be clear and convincing. We give due weight to the findings, conclusions, and recommendations of the Disciplinary Board, but we do not act as a mere rubber stamp for the Board. To decide which sanction, if any, is appropriate, each disciplinary matter must be considered on its own facts.

Because the hearing panel has the opportunity to hear witnesses and observe their demeanor, we accord special deference to the panel's findings on matters of conflicting evidence. Similarly, we defer to the hearing panel's findings on the credibility of a witness, because the hearing panel has the opportunity to observe the witness's demeanor and hear the witness testify.

*In re Askew*, 2010 ND 7, ¶¶ 8–9, 776 N.W.2d 816 (citations omitted).

## III

[¶ 11] Stensland first challenges the hearing panel's finding that he affixed, or caused someone else to affix, Schmeets's signature on the written plea agreement. Stensland denied affixing the signature on the written plea and testified he does not remember how the signature got on the document, but speculated he must have sent the document to one of Schmeets's family members to secure Schmeets's signature while he was incarcerated at the state penitentiary. Schmeets denied that the signature on the written plea agreement was his, and a

handwriting expert confirmed that the signature did not match known samples of Schmeets's signature. The hearing panel addressed this credibility issue in detail and found that Stensland's explanation was not credible and that he had either affixed the signature or caused someone else to affix it without Schmeets's authorization. The hearing panel noted Stensland could produce no copies of correspondence indicating the written plea agreement had been forwarded to Schmeets or his family members, and the document was received by the clerk of court from Stensland.

[¶ 12] On matters of conflicting evidence, we will defer to the hearing panel's findings on the credibility of witnesses because the hearing panel had the opportunity to observe the witnesses' demeanor and hear the witnesses testify. *Askew*, 2010 ND 7, ¶ 9, 776 N.W.2d 816. Giving the hearing panel's findings deference, there is clear and convincing evidence in this record to support the finding that Stensland's testimony was not credible and that he was responsible for affixing Schmeets's signature to the written plea agreement without Schmeets's authorization. Schmeets testified the signature was not his, the handwriting expert testified the signature did not appear to be genuine, there is no evidence of written or mailed correspondence forwarding the written plea agreement from Stensland to Schmeets or his family members, logs kept at the prison demonstrated the absence of any contact by Stensland with Schmeets during his incarceration, and an e-mail from the clerk of court indicated that the clerk had received the signed plea agreement from Stensland. Stensland's conduct violated N.D.R. Lawyer Discipl. 1.2(A)(3) (dishonesty, fraud, deceit, or misrepresentation) and N.D.R. Prof. Conduct 8.4(c) (dishonesty, fraud, deceit, or misrepresentation).

## IV

[¶ 13] Stensland contends the hearing panel erred in concluding he had mishandled and failed to return unearned advance payments, arguing he earned the disputed portion of the retainer by preparing for an appeal of the Sheridan County case or providing research and advice on collateral legal matters for Schmeets and members of his family.

[¶ 14] During their brief conference following the Sheridan County sentencing hearing, after Schmeets claimed he was entitled to a refund of unearned fees from the $9,200 retainer, Stensland drafted the handwritten memorandum indicating $5,000 was for the Wells County and Sheridan County cases, $1,500 was for the earlier appeal to this Court from the revocation of probation, and the remaining $2,700 balance was "to be applied toward new appeal on Sheridan County Conviction." At various times, Stensland has claimed he earned the disputed $2,700 balance by conducting research and preparing for the Sheridan County appeal or, alternatively, by providing legal research and advice on collateral matters. The hearing panel, in concluding Stensland failed to demonstrate he earned the disputed $2,700 or had any basis to retain the funds, noted Stensland did not pursue the Sheridan County appeal, never communicated with Schmeets after August 18, 2008, and failed to maintain contemporaneous records of time spent or tasks performed to support compensation for collateral legal matters.

[¶ 15] This is, once again, a matter turning upon witness credibility, and we therefore accord deference to the hearing panel's findings because it had the opportunity to hear the witnesses' testimony and observe their demeanor. *See Askew*, 2010 ND 7, ¶ 9, 776 N.W.2d 816. Stensland has not drawn our attention to any documenta-

tion, such as contemporaneous time sheets or billing records, to demonstrate dates, time spent, and amount charged for his alleged legal work on the Sheridan County appeal or the collateral matters. Stensland did not pursue the appeal after the August 18, 2008, conference with Schmeets, did not thereafter communicate with Schmeets, and did not formally withdraw as counsel. As a result, Schmeets had to file his own notice of appeal and secure representation by another attorney for the appeal. In addition, Stensland does not challenge the hearing panel's finding that he failed to properly communicate to Schmeets the basis, rate, or amount of his fees.

[¶ 16] There is clear and convincing evidence that Stensland mishandled client funds, failed to refund unearned advance fee payments, and failed to properly communicate the basis, rate, or amount of his fees to his client. Stensland's conduct violated N.D.R. Prof. Conduct 1.5(b) (failing to communicate to the client the basis, rate, or amount of the fee); N.D.R. Prof. Conduct 1.15(a), (c), and (d) (mishandling client funds and failing to refund unearned advance fees); and N.D.R. Prof. Conduct 1.16(e) (failing to take appropriate steps upon withdrawal from representation, including return of unearned advance fees).

### V

[¶ 17] Stensland contends he did not receive a fair hearing, because the assistant disciplinary counsel violated a sequestration agreement by communicating with witnesses after a lunch break. Stensland provides no details or factual background regarding what occurred, but alleges in broad generalities that the assistant disciplinary counsel provided a "refresher course" for certain witnesses and that the witnesses were influenced and less favorable to Stensland because of the communi-

cation. The hearing panel in its report acknowledged that the parties had informed the panel there was a sequestration agreement.

[¶ 18] Stensland provided no details regarding the specifics of the parties' agreement, and concedes in his appellate brief "that the sequestration of witnesses was not violated in the classic sense of the rule." Nor does Stensland cite any supporting authority suggesting that a sequestration agreement or order precludes an attorney from communicating with witnesses during a break in the proceedings. The relevant evidentiary rule, N.D.R.Ev. 615, provides only that a sequestration order excludes witnesses "so that they cannot hear the testimony of other witnesses." *See also State v. Buchholz*, 2004 ND 77, ¶ 24, 678 N.W.2d 144. As this Court noted in *Buchholz*, at ¶ 24, "[s]equestration of witnesses serves two related policies: (1) to prevent witnesses from tailoring testimony in light of the testimony of other witnesses, and (2) to permit discovery of false testimony and other credibility problems." The Court in *Buchholz* concluded the State had not violated a sequestration order under N.D.R.Ev. 615 when the prosecutor met with two witnesses in his office to discuss their testimony after the trial had started but before the witnesses had testified. *Buchholz*, at ¶¶ 22–25.

[¶ 19] Stensland has failed to demonstrate that the sequestration agreement was violated or that he was denied his right to a fair hearing.

### VI

[¶ 20] The hearing panel has recommended a one-year suspension from the practice of law and payment of restitution and the costs of the disciplinary proceeding. Although we are guided by the North Dakota Standards for Imposing Lawyer Sanctions, each disciplinary mat-

ter must be considered on its own facts when deciding the appropriate sanction to apply. *In re Kirschner*, 2011 ND 8, ¶ 9, 793 N.W.2d 196; *Askew*, 2010 ND 7, ¶ 8, 776 N.W.2d 816.

[¶ 21] In addition to the previously addressed violations, the hearing panel found Stensland violated N.D.R. Prof. Conduct 1.4(a) and (b) by failing to properly communicate with his client. The panel's findings of fact on this issue provide:

5. In the course of the representation, Stensland failed to communicate adequately with Schmeets concerning the te[r]ms of the representation, including pre-trial plea negotiations; trial preparation matters; and post-trial matters, including appellate and post-conviction relief. At critical junctures, Stensland quit taking Schmeets' telephone calls and failed to return telephone messages. Stensland's last telephone communication with Schmeets before the May 12 jury trial was on May 6, 2008; the last telephone communication before the August 18 sentencing hearing was on July 31, 2008; and all communications ceased after August 18, 2008.

6. Following the jury trial and sentencing, Stensland effectively abandoned Schmeets, forcing Schmeets to file a notice of appeal on a pro se basis and making it necessary for Schmeets to retain another lawyer.

7. Stensland did not, with the exception of the [August 18, 2008, handwritten retainer agreement], engage in any written communications with Schmeets. Stensland also failed to return Schmeets' and Schmeets' relatives' telephone calls and was not available for pre-trial or post-trial consultations with Schmeets.

Stensland has not challenged the hearing panel's finding that he failed to properly communicate with his client.

[¶ 22] In determining the appropriate sanction, the hearing panel also considered several aggravating factors under N.D. Stds. Imposing Lawyer Sanctions 9.22, including prior disciplinary offenses; a dishonest or selfish motive; a pattern of misconduct; multiple offenses; submission of false evidence, false statements, or deceptive practices during the disciplinary process; substantial experience in the practice of law; and indifference toward making restitution. The panel concluded a one-year suspension was warranted under N.D. Stds. Imposing Lawyer Sanctions 5.12 and 8.2.

[¶ 23] We concur with the findings and recommendations of the hearing panel. We are particularly concerned with Stensland's ongoing pattern of misconduct. The hearing panel noted Stensland's lengthy disciplinary history includes two prior consent probations, an admonition, and two prior suspensions by this Court, one involving similar misconduct. *See In re Stensland*, 2009 ND 77, 764 N.W.2d 438 (60–day suspension for failure to properly provide notice of prior suspension and falsely affirming to this Court that he had provided notice); *In re Stensland*, 2006 ND 251, 725 N.W.2d 191 (60–day suspension for fraudulently signing or having another person at his direction sign a client's name on a document and filing it with the court). Stensland's course of conduct, including at least two instances of fraudulently affixing a client's name to a document and filing it with a court, failure to properly notify clients of a prior suspension, falsely certifying to this Court compliance with the notification requirements, repeated and flagrant failure to communicate with clients, and mishandling and refusing to return unearned client funds, all suggest a pattern of dishonesty to the courts and flagrant disregard of his clients' welfare. Under these circumstances, a significant suspension is warranted under

N.D. Stds. Imposing Lawyer Sanctions 5.12 and 8.2.

## VII

[¶ 24] We order that Stensland be suspended from the practice of law for one year, effective July 16, 2011, that he pay restitution to Jeffrey Schmeets in the amount of $2,700, and that he pay costs and expenses of the disciplinary proceeding in the amount of $8,653.95.

[¶ 25] GERALD W. VANDE WALLE, C.J., DALE V. SANDSTROM, DANIEL J. CROTHERS, MARY MUEHLEN MARING and CAROL RONNING KAPSNER, JJ., concur.