2016 ND 75

**STATE of North Dakota, Plaintiff and Appellee**

v.

**Cameron Lee PELTIER, Defendant and Appellant.**

No. 20150274.

Supreme Court of North Dakota.

April 12, 2016.

Kelly A. Dillon, Assistant State's Attorney, Minot, ND, for plaintiff and appellee.

Samuel A. Gereszek, East Grand Forks, MN, for defendant and appellant.

CROTHERS, Justice.

[¶ 1] Cameron Lee Peltier appeals after a jury found him guilty of gross sexual imposition. Peltier argues the district court abused its discretion in excluding evidence of prior sexual abuse. We affirm the criminal judgment.

I

[¶ 2] Peltier was charged with gross sexual imposition for alleged sexual contact with a minor less than fifteen years of age. Peltier alleges the minor's mother told law enforcement that the minor may have been touched inappropriately by a cousin five years earlier. A forensic interviewer allegedly asked the minor whether she had ever been touched in a manner that made her feel unsafe and she said she had not. Before trial Peltier moved, under N.D.R.Ev. 412, to admit evidence the minor had been sexually assaulted by her cousin. Peltier alleged the minor's failure to disclose a prior incident of abuse during the forensic interview was a prior inconsistent statement and therefore admissible under N.D.R.Ev. 613 for impeachment. The district court found Peltier failed to establish that the minor made inconsistent statements or that his constitutional rights would be violated by the exclusion of such evidence. The district court denied Peltier's motion and he appeals.

## II

[¶ 3] Peltier argues the district court abused its discretion excluding evidence of previous sexual abuse. In our review, we recognize:

"A trial court has broad discretion on evidentiary matters, and we will not overturn its admission or exclusion of evidence on appeal unless that discretion has been abused. A trial court abuses its discretion when it acts arbitrarily, unconscionably, or unreasonably, or when its decision is not the product of a rational mental process. Even if the trial court commits an error on an evidentiary matter, N.D.R.Civ.P. 61 provides that '[n]o error in either the admission or the exclusion of evidence ... is ground for granting a new trial or for setting aside a verdict or for vacating, modifying or otherwise disturbing a judgment or order, unless refusal to take such action appears to the court inconsistent with substantial justice.'"

*Davis v. Killu,* 2006 ND 32, ¶ 6, 710 N.W.2d 118 (internal citations omitted).

[¶ 4] Before trial Peltier moved to admit evidence of prior abuse under N.D.R.Ev. 412, which provides:

"(a) *Prohibited Uses.* The following evidence is not admissible in a civil or criminal proceeding involving alleged sexual misconduct:

(1) evidence offered to prove that any alleged victim engaged in other sexual behavior; or

(2) evidence offered to prove a victim's sexual predisposition.

(b) *Exceptions.*

(1) Criminal Cases. The court may admit the following evidence in a criminal case:

(A) evidence of specific instances of a victim's sexual behavior, if offered to prove that someone other than the defendant was the source of semen, injury, or other physical evidence;

(B) evidence of specific instances of a victim's sexual behavior with respect to the person accused of the sexual misconduct, if offered by the defendant to prove consent or if offered by the prosecutor; and

(C) evidence whose exclusion would violate the defendant's constitutional rights."

[¶ 5] Peltier argues the N.D.R.Ev. 412(b)(1)(C) exception applies because his constitutional right to confront witnesses against him was violated when he was prevented from exploring a contradiction between the minor's mother's statements to law enforcement and the minor's statements in a forensic interview.

"The depth and the magnitude of constitutional arguments require an individual making such a challenge to either prepare an adequate and thorough foundation to support the argument, or forego its presentation. 'The mere reference to a statute's constitutionality, with nothing more, does not meet the standard of persuasion required to mount an attack on constitutional grounds.'"

*State v. Kautzman,* 2007 ND 133, ¶ 27, 738 N.W.2d 1 (quoting *State v. Osier,* 1999 ND 28, ¶ 33, 590 N.W.2d 205). Peltier had opportunity to confront his accuser. The minor testified at trial and Peltier cross-examined her about inconsistencies in reporting incidents with Peltier, as well as her relationship with Peltier and a possible motive for lying about the abuse. Peltier failed to show how excluding her mother's alleged statements prevented him from confronting his accuser. Merely mentioning a right to confrontation is insufficient.

[¶ 6] Peltier also alleges the evidence is admissible under N.D.R.Ev. 613. That rule provides, in part:

"(a) *Showing or Disclosing the Statement During Examination.* When examining a witness about the witness's prior statement, a party need not show it or disclose its contents to the witness. But the party must, on request, show it or disclose its contents to an adverse party's attorney.

(b) *Extrinsic Evidence of a Prior Inconsistent Statement.* Extrinsic evidence of a witness's prior inconsistent statement is admissible only if the witness is given an opportunity to explain or deny the statement and an adverse party is given an opportunity to examine the witness about it, or if justice so requires...."

[¶ 7] Peltier informed the district court that the mother was deposed and may have discussed a prior incident between the minor and the minor's cousin. Peltier did not provide a transcript of the deposition and admitted to the district court that the mother did not provide much information about the incident.

[¶ 8] The district court found Peltier failed to establish that the minor made an inconsistent statement. A district court has broad discretion on evidentiary matters. It was not unreasonable for the district court to hold the mother's alleged statement to law enforcement was not inconsistent with the minor's response that she had not been previously touched in a way that made her feel unsafe. The district court's decision was the result of a rational mental process and was not arbitrary, unreasonable or unconscionable. Therefore, the district court did not abuse its discretion excluding evidence that the minor may have been abused by someone else five years earlier.

## III

[¶ 9] The district court's exclusion of evidence of the minor's prior alleged abuse was not arbitrary, unreasonable, unconscionable or a misapplication of either N.D.R.Ev. 412 or N.D.R.Ev. 613. Because the district court's decision was not an abuse of discretion the criminal judgment is affirmed.

[¶ 10] GERALD W. VANDE WALLE, C.J., LISA FAIR McEVERS, CAROL RONNING KAPSNER and DALE V. SANDSTROM, JJ., concur.