# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

2019 ND 65

State of North Dakota,                                                    Plaintiff and Appellee

v.

Austin Lee Thorsteinson,                                            Defendant and Appellant

No. 20180233

Appeal from the District Court of Ramsey County, Northeast Judicial District, the Honorable Donovan J. Foughty, Judge.

AFFIRMED.

Opinion of the Court by Crothers, Justice.

Kari M. Agotness, Ramsey County State's Attorney, Devils Lake, ND, for plaintiff and appellee.

Kyle R. Craig, Minot, ND, for defendant and appellant.

**Crothers, Justice.**

[¶1]    Austin Thorsteinson appeals from a criminal judgment after a jury convicted him of felony child abuse.  Thorsteinson argues the district court erred by admitting evidence of alleged prior bad acts.  Thorsteinson further argues the district court failed to give adequate jury instructions on the definition of reckless conduct.  We affirm.

I

[¶2]    In November 2016 a two-year-old child in Thorsteinson's care suffered injuries that caused bleeding on the brain.  A subsequent surgery removed part of the child's skull to relieve pressure.  The child suffered a stroke during hospitalization and tests indicate a portion of the child's brain will not recover from the injury.

[¶3]    Thorsteinson was the last individual alone with the child before the injury. Thorsteinson and the child's mother were in a romantic relationship and he often provided care for the child.  Thorsteinson cooperated with police to reenact the incident and answered questions regarding his perception of the events leading up to the child's injury.  Thorsteinson said the injury was from an accidental fall while he was holding the child.  He told police the injury resulted from the impact between the child's head and a hard object in the path of the fall.  Thorsteinson was arrested and charged with felony child abuse in violation of N.D.C.C. § 14-09-22.

[¶4]    The State filed a pretrial notice of intent to introduce evidence of three prior bad acts under N.D.R.Ev. 404(b).  The prior acts included a July 2016 head injury to the child while in Thorsteinson's care, a September 2016 domestic violence incident between Thorsteinson and the child's mother and a September 2016 incident in which Thorsteinson caused bruising to the child's buttocks.  Thorsteinson objected and argued the State was not using the evidence for a permissible purpose, and instead was attempting to prove propensity of character in violation of N.D.R.Ev. 404(b)(2).

The district court allowed the State to use most of the evidence but excluded photographs of the July 2016 injury, which it found were unduly prejudicial.

[¶5] The original trial ended with a hung jury. The State elected to retry Thorsteinson and again sought to use evidence of the prior events. Thorsteinson again objected, claiming the State was attempting to use the evidence in a manner not allowed under N.D.R.Ev. 404(b). The district court allowed the State to use the evidence at the second trial.

[¶6] The case was submitted to the jury after closing arguments. During deliberation the jury asked about the definition of reckless conduct. The judge denied Thorsteinson's request for an additional jury instruction, and directed the jury to use the legal definitions provided in the jury instructions and the plain, ordinary and commonly understood meaning of any words within the definitions. The jury delivered a guilty verdict and, on May 31, 2018, the district court sentenced Thorsteinson to twenty years imprisonment with ten years suspended. Thorsteinson filed this timely appeal.

## II

[¶7] Thorsteinson argues the district court erred in admitting evidence of his prior bad acts.

[¶8] Rule 404(a), N.D.R.Ev., outlines the general rule that "[e]vidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait." However, evidence of other crimes, wrongs, or acts "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." *Id.*

[¶9] This Court repeatedly has warned of the danger of allowing evidence of other acts to show propensity and of tempting the jury to convict a defendant for actions other than the charged misconduct. *State v. Aabrekke*, 2011 ND 131, ¶ 8, 800 N.W.2d 284; *State v. Schmeets*, 2009 ND 163, ¶ 15, 772 N.W.2d 623; *State v.*

*Ramsey*, 2005 ND 42, ¶ 19, 692 N.W.2d 498. This rule recognizes the inherent prejudice the evidence of prior bad acts may have on the trier of fact, and excludes such evidence unless it is substantially relevant for a purpose other than to show a person's criminal character and that the person acted in conformity with that character. *Schmeets*, at ¶ 15.

[¶10] The invocation of an exception does not end the inquiry of whether to allow the evidence of prior bad acts. *Aabrekke*, 2011 ND 131, ¶ 9, 800 N.W.2d 284. The district court must apply a three-step analysis to determine whether the evidence is admissible. *Schmeets*, 2009 ND 163, ¶ 15, 772 N.W.2d 623. First, the district court must examine the purpose for which the evidence is introduced. *Id.* Second, the evidence must be substantially reliable or clear and convincing. *Id.* Third, in a criminal case like here, independent proof of the crime charged must exist which permits the trier of fact to establish guilt without considering the prior bad acts. *Id.* The final step of this three-step analysis usually is satisfied with a cautionary jury instruction regarding the admissibility of the prior bad act evidence for a limited purpose. *Aabrekke*, 2011 ND 131, ¶ 10, 800 N.W.2d 284. After the three-step analysis is satisfied, the district court must consider N.D.R.Ev. 403, and whether the probative value of the evidence outweighs any possible prejudicial effect. *Id.*

[¶11] The admission or exclusion of evidence will not be overturned unless an abuse of discretion occurred. *State v. Peltier*, 2016 ND 75, ¶ 3, 878 N.W.2d 68. "A trial court abuses its discretion when it acts arbitrarily, unconscionably, or unreasonably, or when its decision is not the product of a rational mental process." *Id.*

[¶12] Regarding the July 2016 head injury, the district court performed the three-step analysis and found the evidence was probative of an absence of mistake or accident, and balanced the probative value against prejudice. After correctly applying the law, the court properly excluded photos of the injury as inflammatory under N.D.R.Ev. 403. The district court made a supplemental finding that the evidence was substantially reliable to show the injury occurred while the child was alone with the defendant and demonstrates an absence of mistake or accident. The district court also

found the incident surrounding the injury provides a "more complete story of the crime by putting it in context of happenings near in time and place." *State v. Alvarado*, 2008 ND 203, ¶ 16, 757 N.W.2d 570. Further, the admissibility of other crimes, wrongs, or acts to establish an absence of mistake or accident is well established in child abuse cases. *State v. Buckley,* 2010 ND 248, ¶ 37, 792 N.W.2d 518.

[¶13] Thorsteinson argues the State did not use the September 2016 video for the purpose for which it was admitted. The district court found the video of the domestic violence incident was probative of motive, intent, and lack of mistake or accident, because it tends to prove injury to the child occurred as a result of Thorsteinson's anger or jealousy of the continued contact between the child's mother and biological father. An intoxicated Thorsteinson can be heard yelling at the child and mother in the video, and remarking that the mother's crying sounds like the child's crying when Thorsteinson disciplines the child. The district court found this incident also provided a "more complete story of the crime by putting it in context of happenings near in time and place." *Alvarado*, 2008 ND 203, ¶ 16, 757 N.W.2d 570. At trial the State introduced the video through the mother's testimony, and she explained the circumstances surrounding the video and how Thorsteinson was jealous and angry about continued contact between the child's biological parents.

[¶14] The district court found the photograph of the bruised buttocks was probative of motive or intent and lack of mistake or accident because it demonstrates the defendant engaged in physical disciplining of the child. At trial law enforcement testified that Thorsteinson admitted to physically disciplining the child during the incident but did not intend to leave bruises. The district court found the evidence of bruises could prove a motive for injuring the child by physical discipline that went too far, and it lends itself to the probability Thorsteinson intended to strike the child rather than it being a mistake or accident.

[¶15] Following analysis of each prior bad act under the three-step analysis, the district court concluded the evidence was admissible and the probative value

4

outweighed the prejudicial effect. The district court completed the third step by analyzing other evidence on which the jury could determine guilt, including testimony, medical records, photographs and police reports. The district court issued appropriate instructions to the jury to use the evidence for limited purposes. The district court did not abuse its discretion by allowing the prior bad acts into evidence.

## III

[¶16] Thorsteinson argues the district court failed to adequately instruct the jury on the definition of reckless conduct.

[¶17] Jury instructions are fully reviewable on appeal. *State v. Wilson*, 2004 ND 51, ¶ 11, 676 N.W.2d 98. This Court reviews jury instructions as a whole and determines whether they correctly and adequately inform the jury of the applicable law, even though part of the instructions standing alone may be insufficient or erroneous. *Id*. Reversal is appropriate only if the jury instructions, as a whole, are erroneous, relate to a central subject in the case, and affect a substantial right of the accused. *State v. Huber*, 555 NW.2d 791, 793 (N.D. 1996).

[¶18] Here, the jury was informed the State had the burden to prove:

> "1. That on or about the 22nd day of November, 2016, in Ramsey County, North Dakota, the Defendant, Austin Thorsteinson;
> 2. Was a parent, adult family or household member, guardian or other custodian of the child;
> 3. Willfully inflicted or allowed to be inflicted upon the child bodily injury, substantial bodily injury or serious bodily injury;
> 4. The injury caused permanent loss or impairment of the function of a bodily member or organ of the child; and
> 5. The child was under the age of six years at the time."

[¶19] The jury received instructions including how an individual acts "willfully." The jury instructions also defined how an individual acts "recklessly" if "the actor engaged in the conduct in conscious and clearly unjustifiable disregard of a substantial likelihood of the relevant facts or risks. Such disregard must involve a gross deviation from acceptable standards of conduct." The instructions stated the purpose of using "willfully" is to ensure an individual is not convicted for an act

5

committed because of mistake, accident, or innocent reason. When the jury asked the court for clarification, Thorsteinson requested a supplemental instruction defining "recklessly" as "a high degree of risk of which the actor is aware and consciously disregards." The judge denied Thorsteinson's request, and instead directed the jury to use the legal definitions provided and treat the words within any definitions by their plain, ordinary and commonly understood meaning.

[¶20] Viewed as a whole, the jury instructions correctly and adequately informed the jury on the law and the parties' burdens of proof. The instructions were not erroneous, and the district court did not err in declining to provide Thorsteinson's definition of "reckless."

IV

[¶21] The district court did not abuse its discretion when it allowed evidence of Thorsteinson's prior bad acts. The instructions adequately informed the jury of the applicable law and the parties' burdens of proof. We affirm the criminal judgment.

[¶22] Daniel J. Crothers
Lisa Fair McEvers
Jon J. Jensen
Jerod E. Tufte
Gerald W. VandeWalle, C.J.