2013 ND 20

In the Matter of the Application for DISCIPLINARY ACTION AGAINST Alan M. McDONAGH, A Person Previously Admitted to the Bar of the State of North Dakota.

Disciplinary Board of the Supreme Court of the State of North Dakota, Petitioner

v.

Alan M. McDonagh, Respondent.

No. 20120445.

Supreme Court of North Dakota.

Feb. 13, 2013.

DISCIPLINE ORDERED.

PER CURIAM.

[¶ 1] The Court has before it a Report of Hearing Panel recommending that Alan M. McDonagh be disbarred from the practice of law for violation of N.D.R. Prof. Conduct 1.3, 1.5(a), 1.15(a), 1.15(c), and 1.15(d). We conclude McDonagh's conduct warrants the sanction of disbarment. However, because we previously disbarred McDonagh, he is not entitled to apply for reinstatement under N.D.R. Lawyer Discipl. 4.5(D) until at least five years from the entry of judgment in this matter. *See Disciplinary Board v. McDonagh*, 2012 ND 224, 822 N.W.2d 468 (disbarring McDonagh from the practice of law on October 23, 2012).

1

[¶ 2] McDonagh was admitted to the Bar of the State of North Dakota on October 6, 1997. McDonagh was disbarred from the practice of law on October 23, 2012. *McDonagh*, 2012 ND 224, ¶ 16, 822 N.W.2d 468.

[¶ 3] On August 1, 2012, McDonagh was served a Petition for Discipline. The Petition alleged that a client retained McDonagh to commence a civil lawsuit and the client paid $3,500 as advance payment. The Petition alleged McDonagh failed to deposit the check into a trust account and instead misapplied the proceeds of the check, failed to complete the work for which he received the advance payment, and failed to account for or refund the unearned portions of the advance payment. The Petition alleged that McDonagh's conduct violated N.D.R. Prof. Conduct 1.3, 1.5(a), 1.15(a), 1.15(c), and 1.15(d), and that N.D. Stds. Imposing Lawyer Sanctions 9.22(a) is an aggravating factor.

[¶ 4] The matter was submitted to a Hearing Panel of the Disciplinary Board. McDonagh did not file a response to the Petition for Discipline or request to be heard in mitigation. On December 10, 2012, Disciplinary Counsel filed a Motion for Default Findings, Conclusions, and Recommendations. McDonagh did not file a response to the motion.

[¶ 5] On December 19, 2012, the Hearing Panel filed its Report of Hearing Panel with this Court. The Hearing Panel concluded that McDonagh's actions violated N.D.R. Prof. Conduct 1.3, regarding diligence, providing that a lawyer shall act with reasonable diligence and promptness in representing a client; N.D.R. Prof. Conduct 1.5(a), regarding fees, providing that a lawyer shall not make an agreement for, charge, or collect an unreasonable fee or an unreasonable amount for expenses, in that McDonagh's failure to account for or refund unearned portions of the client's $3,500 advance payment constitutes the collection of an unreasonable fee or an unreasonable amount for expenses; N.D.R. Prof. Conduct 1.15(a), regarding safekeeping property, providing that a lawyer shall hold property of clients that is

in the lawyer's possession in connection with a representation separate from the lawyer's own property and further providing that funds are to be deposited in one or more interest bearing trust accounts in accordance with N.D.R. Prof. Conduct 1.15(f); N.D.R. Prof. Conduct 1.15(c), regarding safekeeping property, providing that a lawyer shall deposit into a client trust account legal fees and expenses that have been paid in advance, to be withdrawn by the lawyer only as fees are earned or expenses incurred; and N.D.R. Prof. Conduct 1.15(d), regarding safekeeping property, providing that a lawyer shall promptly deliver to the client any funds or other property that the client is entitled to receive and, upon request by the client, shall promptly render a full accounting regarding such property. The Hearing Panel considered the following aggravating factors under the North Dakota Standards for Imposing Lawyer Sanctions:

9.22(a), prior disciplinary offenses;

9.22(b), dishonest or selfish motives;

9.22(c), a pattern of misconduct;

9.22(d), multiple offenses; and

9.22(i), substantial experience in the practice of law.

The Hearing Panel concluded disbarment is the appropriate sanction under N.D. Stds. Imposing Lawyer Sanctions 4.11, providing that "[d]isbarment is generally appropriate when a lawyer knowingly converts client property and causes injury or potential injury to a client." The Hearing Panel noted that the practical effect of disbarment of an attorney who already has been disbarred would extend the period in which *McDonagh* would be ineligible for readmission.

[¶ 6] The Hearing Panel recommended McDonagh be disbarred from the practice of law in North Dakota, refund unearned fees to the client in the amount of $3,500,

and pay the costs of the disciplinary proceeding in the amount of $472.50.

[¶ 7] Objections to the Findings, Conclusions, and Recommendations were due within 20 days of service of the report. No objections were received, and the matter was submitted to the Court for consideration.

2

■ [¶ 8] We generally prefer the full benefit of the adversarial process before deciding a matter. However, even without arguments and objections from the parties, we are obliged to correctly interpret and apply the law and "our duty is especially important in lawyer disciplinary cases where we adjudicate in the first instance rather than act as an appellate tribunal." *Disciplinary Board v. Wolff,* 2010 ND 175, ¶ 28, 788 N.W.2d 594 (Crothers, J., specially concurring).

[¶ 9] On this record, we are presented with inconsistent findings and conclusions that McDonagh violated Rule 1.5(a) by collecting "an unreasonable fee or an unreasonable amount for expenses" *and* he violated Rule 1.15 by failing to place those same funds in a trust account.

A

■ [¶ 10] Regarding findings, we typically defer to those made by a Hearing Panel because they have the opportunity to observe witnesses and judge their credibility. *See Disciplinary Board v. Stensland,* 2011 ND 110, ¶ 12, 799 N.W.2d 341 ("On matters of conflicting evidence, we will defer to the hearing panel's findings on the credibility of witnesses because the hearing panel had the opportunity to observe the witnesses' demeanor and hear the witnesses testify."). Here, the Hearing Panel found:

"On May 30, 2008, [client] retained McDonagh to commence a lawsuit

against [defendant]. On that date, [client] gave McDonagh a $3,500 check as an advance payment.

"McDonagh failed to deposit [client's] $3,500 advance payment check in a trust account and instead misapplied the proceeds of the check.

"McDonagh failed to complete the work for which he received a $3,500 advance payment from [client].

"McDonagh failed to account for, or refund unearned portions of, [client's] $3,500 advance payment."

■ [¶ 11] The findings only speak of an "advanced payment" and an "advanced payment check." No finding exists that McDonagh accepted the money as an advance fee that was earned when paid (thus not needing deposit in a trust account). *See Disciplinary Board v. Hann,* 2012 ND 160, ¶ 20, 819 N.W.2d 498 ("[A]lthough a lawyer may require a client to advance legal fees, 'the advance remains the property of the client until earned.'") (quoting Annotated Model Rules of Prof'l Conduct R. 1.5 at 80 (7th ed. 2011)). Nor did the Hearing Panel find McDonagh earned any part of the $3,500 payment. Without findings that the $3,500 or any part of it was earned or collected by McDonagh as a fee, no factual basis exists for us to determine McDonagh violated Rule 1.5(a) by collecting an excessive fee.

B

[¶ 12] The Hearing Panel made the following conclusions of law:

"The above conduct of McDonagh violates the following Rules of Professional Conduct:

"Rule 1.3, N.D.R. Prof. Conduct, regarding diligence, providing that a lawyer shall act with reasonable diligence and promptness in representing a client;

"Rule 1.5(a), N.D.R. Prof. Conduct, regarding fees, providing that a lawyer shall not make an agreement for, charge, or collect an unreasonable fee or an unreasonable amount for expenses, in that McDonagh's failure to account for or refund unearned portions of [client's] $3,500 advance payment constitutes the collection of an unreasonable fee or unreasonable amount for expenses;

"Rule 1.15(a), N.D.R. Prof. Conduct, regarding safekeeping property, providing that a lawyer shall hold property of clients that is in the lawyer's possession in connection with a representation separate from the lawyer's own property and further providing that funds are to be deposited in one or more interest bearing trust accounts in accordance with Rule 1.15(f), N.D.R. Prof. Conduct;

"Rule 1.15(c), N.D.R. Prof. Conduct, regarding safekeeping property, providing that a lawyer shall deposit into a client trust account legal fees and expenses that have been paid in advance, to be withdrawn by the lawyer only as fees are earned or expenses incurred; and

"Rule 1.15(d), N.D.R. Prof. Conduct, regarding safekeeping property, providing that a lawyer shall promptly deliver to the client any funds or other property that the client is entitled to receive and, upon request by the client, shall promptly render a full accounting regarding such property."

■ [¶ 13] We adopt the Hearing Panel's conclusion that the client's advance payment should have been deposited in a trust account and that McDonagh violated Rules 1.15(a) and (c) for failing to do so. McDonagh also violated Rule 1.15(d) for not promptly returning the client's funds upon demand. However, what cannot be

legally supported on this record is a conclusion McDonagh simultaneously violated Rule 1.15 for not depositing client funds in a trust account and violated Rule 1.5 for collecting those same funds in an unreasonable amount.

[¶ 14] Simply put, money paid by a client to a lawyer belongs to someone—the client, the lawyer, or a third party. Money belonging to the client or a third party must be held in a trust account. N.D.R. Prof. Conduct 1.15(a). Money belonging to the lawyer cannot be deposited in the trust account, except to pay certain banking fees. N.D.R. Prof. Conduct 1.15(b). "All property that is the property of clients or third persons, including potential clients, must be kept separate from the lawyer's business and personal property." N.D.R. Prof. Conduct 1.15 cmt. 1.

[¶ 15] Under the facts of this case, McDonagh did not earn any part of the $3,500 payment so violations of Rules 1.5 and 1.15 are mutually exclusive alternatives. This is so because unearned fees are not the lawyer's funds and must remain in a trust account until earned by the lawyer, repaid to the client, or paid to a third party. Conversely, fees collected by the lawyer—even if later determined excessive and subject to recoupment by the client—are the lawyer's funds and cannot be held in a trust account.

[¶ 16] ORDERED, that the Report of the Hearing Panel is accepted regarding violation of N.D.R. Prof. Conduct 1.3, 1.15(a), 1.15(c), and 1.15(d). For the reasons stated, the Report of the Hearing Panel is rejected regarding violation of N.D.R. Prof. Conduct 1.5(a). We conclude McDonagh's conduct warrants the sanction of disbarment. Because we previously disbarred McDonagh, he is not entitled to apply for reinstatement under N.D.R. Lawyer Discipl. 4.5(D) until at least five years from the entry of judgment in this matter.

[¶ 17] IT IS FURTHER ORDERED, that McDonagh reimburse the client in the amount of $3,500, that McDonagh reimburse the Client Protection Fund for any payments to his client, and that he pay the costs of the disciplinary proceeding in the amount of $472.50 within thirty days, payable to the Secretary of the Disciplinary Board, 600 E. Boulevard Avenue, Bismarck, North Dakota 58505–0530.

[¶ 18] GERALD W. VANDE WALLE, C.J., DALE V. SANDSTROM, MARY MUEHLEN MARING, CAROL RONNING KAPSNER, and DANIEL J. CROTHERS, JJ., concur.